PER CURIAM.
Appellees have moved to dismiss this appeal on three grounds: (1) Failure of appellant to file main brief within the time prescribed by the rules; (2) the untimely filing in this court of the record on appeal ; and (3) failure to provide appellees with a copy of the index to the record on appeal.
Notice of appeal was filed July 28, 1961. Under Florida Appellate Rule 3.6, subd. i(4), 31 F.S.A. it is provided that where the original record is used on the appeal the clerk of the lower court shall furnish to all parties a copy of the index required under Rule 3.6, subd. f(3) as soon as it is prepared. Under Rule 3.6, subd. j the record on appeal is required to be transmitted to the clerk of this court 110 days after *585 the notice of appeal is filed. Under Rule 3.7, subd. a, a copy of appellant’s main brief and appendix must be served on ap-pellee at least 40 days before the date upon which the record on appeal is due in the appellate court.
In this case the appellant, without obtaining an extension of the time in which to file her main brief, delayed in mailing a copy thereof to appellee until December 7, 1961, which is 132 days after notice of appeal was filed, hence 62 days after the final date upon which under the rule appellant was required to serve a copy of her brief upon appellees. Meantime, the record on appeal was filed here on October 9, 1961, which is 37 days prior to the date on which it was required to be filed under the mentioned rule. It was not therefore available in the trial court subsequent to the service of appellant’s main brief. A copy of the index was not furnished to appellees as required by the rule.
Rule 3.6, subd. j(l), providing the time for performance of acts relating to the record on appeal, and Rule 3.7, subds. a-c, governing the time for serving the briefs on appeal, are so framed as to insure that where the original record is used for appeal purposes the same shall be available in the lower court for reference during the time the briefs are being prepared. It is to that end that the record on appeal is required to be transmitted to the appellate court “110 days after the notice of appeal has been filed” rather than at any time prior to the expiration of that period. This is not to say that the record on appeal must necessarily remain in the lower court after the parties have served all briefs required or available under the rules of appellate procedure, for no useful purpose would thereafter be served by retaining the record in the lower court. Absent such a situation, however, which does not obtain in this case, the specific of the rule governs.
Notwithstanding the ministerial duties that under the rules of appellate procedure are imposed on court officials, the party suing out the appeal has the overall duty of seeing to it that all things are done in due season to perfect the appeal in the manner prescribed by the rules. Where such ministerial duties are not timely and properly performed in accordance with the rules it will be assumed that the appellant is acquainted therewith; and it becomes the duty of the appellant to take such affirmative action as may be necessary to cause the ministerial acts to be performed.
Appellant has not responded to appellees’ motion to dismiss and did not appear at the time set to orally resist the same. The motion to dismiss this appeal should be and it is hereby granted.
Appeal dismissed.
CARROLL, DONALD K., C. J., and STURGIS and RAWLS, JJ., concur.