PER CURIAM.
Ón June 10, 1964, appellees filed in this court a motion to dismiss this appeal for failure of appellant to timely prosecute the same in accordance with Florida Appellate Rules, 31 F.S.A.
The appellant’s brief and appendix were due under the rules to be filed in this court and a copy served on appellees by April 20, 1964, and the record on appeal was due to be filed in this court by May 30, 1964. On the date the motion to dismiss was filed appellant was substantially in default in both particulars.
After the motion to dismiss was lodged in this court appellant procured an order of the trial court purporting to extend until July 1, 1964, the time for filing in this court its brief and the record on appeal. That order is a nullity because by operation of law the filing in this court of the motion to dismiss operated to divest the trial court of power to grant such extension.
The motion to dismiss was orally argued on July 7, 1964. At that time appellant had filed its main brief and had caused the record on appeal to be forwarded to the clerk of this court. The judgment appealed had been superseded, bond posted in the premises to protect the appellees, and it is not indicated that appellees will suffer any detriment by reason of delay in disposing of the appeal.
Appellant resists the motion to dismiss on grounds which may be summarized as follows: (1) That in the lower court appellant extended courtesies to appellees, the effect of which was to delay the final disposition of the cause. (2) That appellees did not at any stage of the proceedings below indicate that appellant would be held to diligent compliance with the appellate rules. (3) That the trial judge’s order purporting to extend the time for appellant’s compliance with the rules indicates that he found that good cause existed for such extension. (4) That an informal atmosphere prevails among the members of the local bar (Escambia County) and that notice of *234 intent is given opposing counsel prior to taking advantage of a failure to follow provisions of an appellate rule such as is here brought into play. (S) That a member of the firm of counsel for appellant has been ill, requiring another member of the firm to handle much of his work. On the basis stated appellant moved this court for an order nunc pro tunc extending the time for filing its brief herein to and including July 1, 1964, and extending the time for compliance with other provisions of the rules to comport therewith.
We recently dismissed an appeal in which counsel appearing for appellees on this appeal was there appearing as counsel for the appellant, on substantially the same ground he now assigns for dismissal of this appeal. A ready means is available under Florida Appellate Rule 3.8(a) for relief of the character involved by seasonable application to the lower court and a showing of good cause.
 The orderly and efficient administration of justice compels the observance of rules of procedure to the end that aside from the interests of the parties litigant, the bench and bar may not be properly subjected to public scorn for the law’s delay. As wholesome and desirable as any local custom may be to a happy rapport between members of the bar, they do not supersede the rules of practice and cannot be relied on to excuse the observance thereof. The reasons assigned by appellant for failure to comply with the rules of appellate procedure in presenting this appeal are inadequate to warrant excusing the substantial default here occurring, especially since there was no seasonable attempt to procure an order of court extending the time for compliance. While this court unquestionably has power upon a proper showing to excuse a violation of the rules, we reluctantly conclude, the .appellees insisting, that the circumstances .of this case do not warrant that action. Accordingly, the subject motion is granted and this appeal is
Dismissed.
STURGIS, C. J., and CARROLL, DONALD K., and RAWLS, JJ., concur.