PER CURIAM.
Petitioner, Belint Papp, seeks review by certiorari of an order of the circuit court dismissing petitioner’s appeal to that court from a conviction in the criminal court of record. The circuit court sua sponte dismissed petitioner’s appeal on February 11, 1971, for the reason that the record on appeal was not filed in the circuit court within 40 days, as required by Rule 6.9b, F.A. R., 32 F.S.A. On March 3, 1971, the circuit court issued a further order denying petitioner’s motion to set aside the dismissal.
Petitioner was convicted on December 16, 1970, mailed his notice of appeal to the clerk of the criminal court of record on December 23, which notice was recorded by the clerk as having been filed on December 28, 1970. On January S, 1971; the clerk’s office advised petitioner the filing fee and court costs had not been included with the notice of appeal and that the clerk’s office would “hold the notice of appeal” until the monies were received and then officially record said notice. On January 7, 1971, the clerk’s office received the *83 said monies and notice of appeal was re-stamped as having been filed on January 7, 1971.
If the appeal was deemed to have been filed on December 28, 1970, then the 40 days within which the record on appeal was required to have been filed would have expired on February 6. If the appeal was considered to have been filed on January 7, then the record would have been due on or about February 16, 1971. The trial court sua sponte dismissed the appeal on February 11, apparently concluding that the appeal was filed on December 28 and the 40 days began to run from that date.
Subsequent to the order of dismissal entered on February 11, petitioner submitted affidavits to the trial court executed by the clerk reflecting that the appeal was officially filed on January 7, 1971, and that the December 28 date “was placed on said document in error”; such affidavits also reflected that “due to the press of official duties * * * the preparation of the transcript of testimony and trial proceedings” would not be completed until March 23, 1971. In addition, based upon such affidavit, another judge of the circuit court on February 16, 1971, extended the time for filing of the transcript until the 23d day of March 1971.
Clearly, it is the duty of appellant to supervise the orderly progress of his appeal and to insure that all necessary matters are properly completed (Rule 3.6b, F.A.R.), Moore v. Joseph, Fla.App.1962, 137 So.2d 584; however, where good cause can be shown for a delay in failing to file the record on appeal within the time prescribed, it is within the discretion of the trial court to grant an extension of time, Citizens Casualty Company of New York v. Oaks, Fla.App.1964, 167 So.2d 232. In City of Gainesville v. Thomas, Fla.1969, 229 So.2d 833, the Supreme Court of Florida held that while the timely filing of the notice of appeal is jurisdictional the timely deposit of the required filing fee is not. Applying this rationale, petitioner’s appeal would be considered to have been timely filed on December 28, 1970, notwithstanding the failure to include the filing fee. However, the representations made by the clerk as reflected by the affidavits that she would “hold” the notice of appeal until the fees were transmitted were reasonably calculated to lead petitioner to believe that the notice of appeal was not “filed” and the time within which to file the record commenced on January 7 when the fees were received by the clerk and the notice restamped. This circumstance would, in our view, constitute a sufficient basis for the trial court to have set aside its dismissal of February 11. Moreover, if we conclude that the clerk was authorized to “hold” the notice of appeal until the fees were received and that the notice of appeal was not considered filed until January 7, then the record on appeal would not have been due until February 16 and the sua sponte order of dismissal on February 11 was premature. Under either circumstance we are of the opinion that the essential jurisdictional step was taken within the proper time, to wit, the filing of the notice of appeal, Favors v. City of Tampa, Fla.App.1971, 246 So.2d 172, the real fault lying with the clerk rather than with appellant. Additionally, as heretofore noted, appellant was granted an extension until March 23 for the filing of the transcript.
It might be well to observe in passing that the State has made no claim or showing of any prejudice resulting from delay in the filing of the transcript; on the contrary, at oral argument, the State affirmatively conceded that it was not prejudiced. See Hazen v. James W. Johnson, Inc., Fla.App.1962, 143 So.2d 350.
Accordingly, certiorari is granted, the trial court’s order of dismissal is quashed and the cause remanded for further proceedings not inconsistent with this opinion.
WALDEN, OWEN and MAGER, JJ., concur.