PER CURIAM.
The defendant, Christopher J. Kennedy, was charged with second degree murder of his wife and appealed from an adjudication upon a jury verdict of manslaughter and ten years sentence. The defendant contends that the trial court committed error in proceeding with the trial without the testimony taken before the Grand Jury ordered by the trial judge prior to trial. Defendant stated that he was greatly prejudiced as he was unable to impeach witnesses by ascertaining inconsistencies in their testimony. It was not discovered that the transcript was not provided until the time of trial.
The defendant could have at the time of trial moved for a continuance to permit the reporter to comply with the court’s order. Further, if the defendant believed that there was great harm in not having the transcript of the testimony available to him, he could have caused the testimony to have been transcribed and made it part of the record on appeal. For failure in making it part of the record, the appellant herein cannot now contend that it was harmful error. Moore v. Joseph, Fla.App., 1962, 137 So.2d 584.
The appellant contends .that the trial court committed error in hearing the Motion to Suppress at the time of the trial rather than before the commencement of *863 the trial. The Motion to Suppress did not go to the voluntariness of the out-of-court statement. The question of voluntariness was not preserved for appeal. Shea v. State, Fla.App., 167 So.2d 767.
The appellant further contends that the trial court erred by instructing the jury on lesser included offenses over the appellant’s objections since the defendant has the right to intelligently and deliberately waive these instructions.
We have held no reversible error resulted from giving the charge on the lesser included offenses. Morrison v. State of Florida, Dist.Ct. of Appeals, 3rd Dist., 259 So.2d 502.
Affirmed.