106 So.2d 430 (1958)
STATE of Florida ex rel. A.L. MOORE and wife, Ruby P. Moore, Relators,
v.
Honorable John A.H. MURPHREE, as Judge of the Circuit Court, Eighth Judicial Circuit, in and for Alachua County, et al., Respondents.
No. 384.
District Court of Appeal of Florida. First District.
August 14, 1958.
Rehearing Denied September 5, 1958.
*431 Fagan & Crouch, Gainesville, for relators.
James W. Cotton, Gainesville, for respondents.
STURGIS, Chief Judge.
In a proceeding for the removal of tenants lately pending in the County Judge's Court of Alachua County a final judgment was entered in favor of the plaintiffs, A.L. Moore and wife, Ruby P. Moore, for recovery of possession of the demised premises from the defendants, D.W. Bolen and wife, Roberta T. Bolen.
The defendants undertook to perfect an appeal to the Circuit Court of Alachua County. To that end they filed a notice of appeal in said County Judge's Court within the time prescribed by F.S. § 83.27, F.S.A. They did not, however, deposit with the clerk of the County Judge's Court the filing fee in the form of "a check or money order payable to the clerk of the appellate court" in the amount of the fee for filing a cause in said Circuit Court ($15 in Alachua County) within the time and manner as provided by Florida Appellate Rule 3.2(a) as modified by Rule 4.7, 31 F.S.A.
Eleven days after expiration of the time for appeal, as provided by the statute and appellate rule conforming therewith, the defendant-appellants deposited with the clerk of the County Judge's Court a check designed to cover the filing fee, but in the incorrect amount of $3.50. The appellee-plaintiffs thereupon moved the Circuit Court to dismiss the appeal on grounds that squarely presented the question as to whether that court had jurisdiction under the circumstances to entertain the appeal. The movant relied on the above cited rules and also on Florida Appellate Rule 3.2(d), which provides:
"d. Effect of Filing Notice. The filing of the notice of appeal and deposit of the filing fee with the clerk of the lower court shall give the Court jurisdiction of the subject matter and of the parties to the appeal. Failure to transmit a certified copy of the notice and the filing fee to the clerk of the appellate court shall not be jurisdictional."
The Circuit Court (the Honorable John A.H. Murphree, Judge) entered an order denying the motion to dismiss the appeal, and recited therein that the
"* * * failure of the appellants to deposit the requisite fee was not a willful disregard of the rules on their attorney's part but was in a measure occasioned by inaccurate information supplied by the lower court."
The record before this court contains a certificate of the Circuit Judge, the filing of which is consented to by the parties and its accuracy unchallenged. It recites that at the hearing on the motion to dismiss, the attorney for the appellants made the following representations which were not challenged by counsel for appellees:
"1. That counsel for appellants did not learn of the judgment of eviction until December 2, 1957, the last day for the filing of notice of appeal.
"2. Counsel for appellants, on December 2, 1957, filed notice of appeal in the County Judge's Court and offered to pay whatever sum was proper as costs of the appeal, but the County *432 Judge was uncertain as to the correct amount and stated that he would determine that later.
"3. On December 13, 1957, counsel for appellants deposited $3.50 with the County Judge as filing fee for the appeal after being advised by the Clerk of the Circuit Court that such was the correct amount."
The said appellees, appearing here as relators, seek a rule nisi from the court directing the respondent Circuit Judge to show cause why a writ of prohibition should not issue restraining him from proceeding further in regard to the mentioned appeal. The relators rely on the same points presented to the Circuit Court by their motion to dismiss the appeal.
Florida Appellate Rules 3.2(a) and 3.2(d) provide as follows:
"Rule 3.2 Commencement Of Proceedings
"a. Method. An appeal shall be commenced by filing a notice of appeal and depositing a filing fee of $25.00, which may be by check or money order payable to the clerk of the appellate court, with the clerk of the lower court. Within five days after the notice is so filed the clerk of the lower court shall transmit a certified copy thereof to the clerk of the appellate court together with the filing fee of $25.00. Other proceedings shall be commenced by filing the initial pleading with the clerk of the Court and paying him a $25.00 filing fee. * * *
"d. Effect of Filing Notice. The filing of the notice of appeal and deposit of the filing fee with the clerk of the lower court shall give the Court jurisdiction of the subject matter and of the parties to the appeal. Failure to transmit a certified copy of the notice and the filing fee to the clerk of the appellate court shall not be jurisdictional."
The relators cogently argue that under the present rules of appellate procedure the deposit of the filing fee has been given the same status, standing, and effect as the filing of the notice of appeal in so far as commencing an appeal is concerned, but we cannot agree.
Where the letter of a rule of procedure stands athwart the paths leading to the essential ends of justice and no fundamental rights of the parties are involved, the rule must yield to the dictates of reason and ethics upon which all law is founded. And when an order relaxing the rule is entered on good cause shown to the presiding judge, as appears to be the case here, his discretion should not be disturbed.
F.S. § 83.27, F.S.A., providing for appeals in tenant removal proceedings, contains no requirement for payment of a filing fee. It deals only with the time element for initiating the appeal. To that extent and specifically as provided, it governs jurisdiction to entertain an appeal. Rules of procedure promulgated by the court have no such strict connotation.
The present rules of appellate procedure are of recent adoption. The former rules, like those now in effect, required payment of a filing fee, but it was set out in a rule that was disconnected with and had no relation to the statute and conforming rules of procedure that simply limit the time for commencement of appeals, which was accomplished by filing the notice of appeal. Time of performance of that act has always been jurisdictional and no discretion whatever is vested in the courts to extend it.
The situation under the present rules is different. For some unexplainable reason, doubtless by inadvertence, the present rules lump the provisions concerning the filing fee in the same rule that requires a notice of appeal to be filed within the statutory period allowed for appeal.
The legislature has the unquestioned right to fix the time for appeals. Such laws are in no sense rules of procedure. They have all of the attributes of statutes of limitation governing the commencement of actions, with the additive *433 that the bar to appeal reaches to the jurisdiction of the appellate tribunal and is absolute rather than one which may be waived. The statute rather than the rule governs, and lack of compliance within the time limited vests in the adverse party a fundamental right personal in character. The statute is satisfied when there is brought to the attention of the adverse party, directly or constructively, the fact that within the time allowed an appeal has been commenced, and the vehicle for this purpose is the notice of appeal duly filed.
Failure to pay the filing fee affects only the public agency or official that is benefited thereby, and in no wise prejudices the adversary. It is primarily on that basis that we hold the learned Circuit Judge properly exercised his discretionary power in this case.
For the reasons stated we decline to issue a rule nisi as suggested and this proceeding is dismissed.
WIGGINTON and CARROLL, DONALD K., JJ., concur.