238 So.2d 81 (1970)
STATE of Florida ex rel. Earl FAIRCLOTH, Attorney General, Relator,
v.
Hon. Spencer C. CROSS, As Chief Judge, and James H. Walden, David L. McCain, John A. Reed, Jr., and William C. Owen, Jr., As Judges of and Constituting the District Court of Appeal of Florida, Fourth District, and C.T. Buchannon, Respondents.
No. 39357.
Supreme Court of Florida.
July 8, 1970.
*82 Earl Faircloth, Atty. Gen., J. Terrell Williams and Charles W. Musgrove, Asst. Attys. Gen., for relator.
Robert G. Ferrell, III, Public Defender, and Charles M. Rieders, Asst. Public Defender, for respondents.
ADKINS, Justice.
In original proceedings, the Attorney General seeks writ of prohibition prohibiting respondents from exercising jurisdiction in an appeal. A rule to show cause was issued and a return has been filed.
C.T. Buchannon was charged with the offense of robbery in one count of an information and with the offense of assault with intent to commit first degree murder in another count. The jury found him guilty of robbery and guilty of assault with intent to commit second degree murder. On January 31, 1969, the trial judge in open court orally adjudicated Buchannon guilty of each of these offenses. These oral adjudications of guilt were reflected in an unsigned entry in the Minutes of the Brevard County Court of Record.
On February 4, 1969, Buchannon filed his notice of appeal from the oral judgments of guilt, and on February 13, 1969, Buchannon filed a motion for new trial. On February 19, 1969, written judgments were rendered by the trial judge adjudging Buchannon guilty of each of the offenses and sentence was imposed.
The motion for new trial was denied by an order dated February 28, 1969, and filed March 1, 1969. There is no indication that any notice of appeal was filed subsequent to the rendition of the written judgments and sentences on February 19, 1969.
On November 26, 1969, the Attorney General filed a motion to dismiss the appeal, which motion was denied by the respondents on December 19, 1969. The motion to dismiss was based on the ground that Buchannon was attempting to appeal from the oral judgments of guilt. The Attorney General contends that the only applicable judgments and sentences were the ones entered in writing on February 18, 1969, and filed for record on February 19, 1969.
Rule 1.670, Cr.P.R., 33 F.S.A., styled "Rendition of Judgment," contains the following provisions:
"If the defendant is found guilty, a judgment of guilty * * * shall be *83 rendered in open court and in writing, signed by the judge and filed; and, if in a court of record, recorded, otherwise, entered on the court's docket." (Emphasis supplied)
Appeals in criminal cases must be prosecuted in accordance with part VI of the Florida Appellate Rules, 32 F.S.A. and with such provisions of other parts of the Appellate Rules as are not inconsistent with the provisions of part VI. Rule 6.1, Fla.App.Rules. Rule 1.3, Fla.App.Rules, contains the following definition:
"`Rendition' of a judgment * * * means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed."
Rules 6.2, Fla.App.Rules, provides:
"Any appeal by the defendant from the judgment or sentence shall be taken within 30 days after the sentence is entered, provided that the defendant may take an appeal from the judgment within 30 days after the judgment is entered."
Construing these rules together, it is clear that the judgment is not rendered for the purpose of an appeal unless it is rendered "in open court and in writing, signed by the judge and filed," as required by Rule 1.670, Cr.P.R. At this point, the 30-day period of time within which an appeal may be taken begins to run; however, the filing of a timely and proper motion for new trial or other timely post-trial motion or petition permitted by the Rules tolls the time for the taking of an appeal and the judgment is not deemed rendered until disposition is made of such motion or petition. Rule 1.3, Fla.App.Rules.
In Jenkins v. Lyles, 223 So.2d 740 (Fla. 1969), this Court held that an appeal from an oral order was ineffective to confer jurisdiction on the reviewing court, saying:
"A more serious question is presented in the question concerning the state's attempt to appeal from an oral order of the court. The rules provide that all orders `not entered in open court * * * shall be in writing.' The only appealable order in this case is the one entered in writing on September 12th, 1968. The attempt to review this order by a Notice of Appeal from an oral order pronounced several pays prior thereto is wholly ineffective to confer jurisdiction on the District Court." (page 742).
The Court approved the decision in State v. Shedaker, 190 So.2d 429 (Fla.App.3rd, 1966) and overruled the decision in Gossett v. State, 188 So.2d 836 (Fla.App.2nd, 1966).
In the case sub judice, the District Court was without jurisdiction to entertain direct appellate proceedings. The respondents are prohibited from proceeding further in the pending appeal.
However, Buchannon is obviously entitled to appellate review by habeas corpus in the District Court of Appeal pursuant to Jackson v. State, 227 So.2d 354 (Fla.App.4th, 1969); and Henninger v. State, 230 So.2d 149 (Fla. 1970). The writ of prohibition is therefore granted without prejudice to the right of the District Court to accept the appeal as a petition for writ of habeas corpus and grant Buchannon full appellate review. Buchannon is entitled to secure whatever record he might need in support of the petition in accordance with the provisions of Rules 6.8 and 6.9, Fla. App.Rules.
It is so ordered.
CARLTON and BOYD, JJ., concur.
THORNAL, J., concurs with opinion.
ERVIN, C.J., concurs specially with opinion.
THORNAL, Justice (concurring):
I concur in the opinion and judgment. However, I think it should be noted that Buchannon was represented by a state-appointed public defender.
*84 ERVIN, Chief Justice (specially concurring):
I agree to the judgment herein without cavil inasmuch as Buchannon is to receive the same appellate review through habeas corpus in the District Court that he would have received in a direct appeal. However, it does seem to me that where a defendant has been found guilty by a jury and the trial judge has orally pronounced adjudication of guilt upon him, which pronouncement is reflected in the court minutes, that it is a little technical not to let stand as valid a notice of appeal whose filing antedates a subsequent written judgment under Rule 1.670, F.R.Cr.P. I cannot see why visiting such notice on the written judgment when it is finally rendered would prejudice the State in any way. Such latitude might serve to expedite appeals and eliminate technicalities that conceivably could result in post-convictions claims of denial of appellate review. In this case the Attorney General is to be commended for his attitude in indicating to the Court that in any event Buchannon was entitled to an appellate review of some type.