ERVIN, Acting Chief Justice
(dissenting) :
It appears from the writ and response that Petitioner Louis D. Lamberti was convicted of robbery after a jury trial in the Criminal Court of Record of Dade County. He was adjudged guilty and sentenced on January 21, 1971 to serve twenty years in the state penitentiary.
On January 21, 1971, within four days after the jury’s verdict of guilty, an oral *203 motion was made by his trial counsel for a new trial. On the same day the court minutes reflect the trial judge orally denied the motion for new trial. Immediately after his trial Petitioner discharged his trial counsel and shortly thereafter employed new counsel. His new counsel then moved the trial judge for an extension of time to file a written motion for a new trial after opportunity had been afforded for new counsel to study the trial transcript which had not .been completed.
On February 27, 1971, their motion was granted by an order of the trial judge which stated there had been “a delay in transcribing the transcript of the defendant’s trial and that until such time it is impossible to make a proper motion for new trial or to file an appeal.” (Emphasis supplied.) Petitioner was granted “an extension of 15 days after the entire trial transcript has been completed and delivered to the attorney for the Petitioner in which to file for a new trial.”
After the transcript of the trial was furnished, Petitioner’s new counsel filed within the time allowed by the order a written motion for new trial on March 19, 1971, which was amended on May 13, 1971 and further amended on May 25, 1971. The written motion for new trial was denied on June 2, 1971. Petition for rehearing on the motion for new trial as amended was filed on June 9, 1971 and granted on June 10, 1971. A formal order was entered on June 11, 1971 granting rehearing and vacating the prior order denying the motion for new trial as amended.
On July 20, 1971 the trial judge denied the motion for new trial.
On August 2, 1971 Petitioner as appellant filed his notice of appeal to the District Court of Appeal, Third District.
The State moved the District Court to dismiss the appeal because (1) F.R.C.P. 3.590, 33 F.S.A., provides a motion for new trial may be made within four days, or such greater time as the court may allow, not to exceed fifteen days after rendition of the verdict; and because (2) appellant had made an oral motion for new trial on January 21, 1971 and that motion was denied the same day — therefore the State contended the notice of appeal should have been filed within thirty days from that date, or by February 20, 1971.
The District Court granted the motion and the appeal was dismissed on January 18, 1972.
Petitioner filed two petitions for writs of habeas corpus before the District Court of Appeal, Third District, seeking a delayed appeal; the first on December 6, 1972, and the second on April 5, 1973. Both were denied.
The gist of Petitioner’s writ before us is that the trial judge’s action in orally denying the oral motion for new trial made by his trial counsel on January 21, 1971, was done without notification to him or to his new counsel and set in motion a chain of circumstances representing state action that frustrated his right of direct appeal.
Although it may well be that Petitioner, a layman, is not without technical fault on his part, either directly or through his counsel, in failing to take timely and appropriate action under the rules to toll the running of time to preserve his right of direct appeal, the pleadings and the record proper reflect certain extenuating matters that appear to warrant habeas corpus relief.
The Petitioner was not at liberty on supersedeas bond at the time the oral motion for new trial was orally denied, but was incarcerated,[1] which lends support to Petitioner’s claim that he was not notified, *204 did not learn and was not in position to learn of the denial of the oral motion for new trial.
The oral denial of his former counsel’s oral motion for a new trial all on the same day appears by uncontradicted allegations in the writ not to have been brought timely to Petitioner’s attention by the trial court or to his newly employed counsel, though the denial is reflected in the court’s minutes • — apparently at a later date which finally was brought to the attention of Petitioner’s new counsel in the delayed transcript.
The trial judge’s action of February 27, 1971 in granting an extension of time for Petitioner because “there had been a delay in transcribing the transcript of the defendant’s trial and that until such time it is impossible to make a proper motion for a new trial or to file an appeal” lends credence to Petitioner’s claim his new counsel were not timely advised that the oral motion for new trial filed by his prior counsel had been orally denied. There is clear implication in the judge’s extension action that he was conscious of some failure on the court’s part to accord Petitioner notice and opportunity through his new counsel to 'file a proper motion for new trial and notice of appeal.
Apparently, the trial court, after considering the exigencies of the case, i. e., that Petitioner was incarcerated immediately after sentence; that Petitioner changed attorneys shortly after his conviction and that his new counsel needed time and opportunity to familiarize themselves with the case by reading the trial transcript — all in the light of the hurried proceedings involved in the oral filing and oral denial of the motion for a new trial the same day, concluded an extension was justified.
There is nothing in the trial judge’s extension order to advise Petitioner or his new counsel the trial judge had already denied the oral motion or that would put Petitioner or his new counsel on notice that time had run for filing a notice of appeal because of the oral denial of the oral motion for new trial.
An inference may be drawn from the trial judge’s extension order that he considered the oral proceedings, both the motion for new trial and order thereon, were hurried and precipitate in the related circumstances and the filing of a proper motion by Petitioner’s new counsel for new trial and notice of appeal, even though belatedly irregular, should be allowed and their filing deferred until a transcription of the trial proceedings was available to the new counsel and they had time to intelligently study same.
This Court has held that oral orders are not record predicates for the taking of appeals. State ex rel. Faircloth v. Cross (Fla.), 238 So.2d 81. While it is true the minutes of the trial court reflected that the oral motion for new trial was denied, it is far from clear from the minutes that appropriate knowledge of this denial in the minutes was “brought home” to Petitioner, who was then incarcerated, or to his new counsel. The State in its response does not contradict the allegations in the writ that Petitioner and his counsel were not given timely notice of the denial of the oral motion for new trial. His new counsel uncontradictedly alleged they were given no such notice and received no cooperation from Petitioner’s former counsel, who were hostile because they had been discharged.
The action of the trial judge in granting the extension is an indication he was unsure that Petitioner or his new counsel had been afforded sufficient timely knowledge of the status of the case to file for a new trial or give notice of appeal. He appears to have thought that under the related circumstances it comported with requisite fairness to Petitioner to accord him the extension.
It is correct that the District Court of Appeal, Third District, has twice passed upon this case. First, in State ex rel. Lamberti v. Wainwright, 270 So.2d 785, *205 and then in State ex rel. Lamberti v. Wainwright, 276 So.2d 565. In the first cited case a direct appeal was dismissed because the District Court concluded notice thereof was not timely filed under the factual situation related. In the second cited case, petition for writ of habeas corpus for a delayed appeal under Baggett v. Wainwright (Fla.), 229 So.2d 239, was denied again under the same factual situation related above.
The majority here relies upon Jones v. Wainwright (Fla.), 252 So.2d 570, for dismissal of this case on the ground that the action of the District Court in the afore-cited cases is res judicata.
I think ttiis principle is inapplicable in a habeas corpus proceeding where a reviewing court directly considers the subject of a denial of a fundamental right. If a fundamental wrong has been committed and was not corrected below when opportunity was afforded, habeas corpus will lie to correct it here despite res judicata. Here it now appears that Lamberti was frustrated by court action below from having the benefit of appellate review of his conviction. The trial court had the authority to, and did deny Lamberti’s delayed motion for a new trial on July 20, 1971, which the trial court in good faith had allowed him to file for the reasons hereinbefore related. Lamberti filed his notice of appeal from his conviction in the trial court on August 2, 1971, well within the thirty days from the time his delayed motion for new trial was denied on July 20, 1971.
The trial court’s extension of the time for filing the motion for new trial and the notice of appeal were never directly challenged by the State or set aside as a nullity. Lamberti relied upon what the trial court granted to him. To technically deny him an appeal after the fact of what the trial court allowed is frustration and fundamentally unfair.
The right of an appeal is so vital that I believe we have a fundamental duty, either by way -of habeas corpus or certiorari under our extraordinary jurisdiction, to require Petitioner to be afforded an appeal. There appears to have been sufficient frustration of his right generated by the state action of the trial court as related here-inbefore to warrant granting a delayed appeal to Petitioner by way of habeas corpus. See Baggett v. Wainwright (Fla.), supra. Compare State v. Smith (Fla.), 160 So.2d 518, text 521.
The District Court under the related circumstances should have heard Lamberti’s appeal by way of habeas corpus.

. A portion of the transcript attached to the State’s response confirms that Petitioner was incarcerated immediately after sentencing and prior to disposal of Ms prior counsel’s oral motion for new trial.