324 So.2d 74 (1975)
Clifford WILLIAMS, Petitioner,
v.
STATE of Florida, Respondent.
No. 46035.
Supreme Court of Florida.
December 3, 1975.
*76 F. Malcolm Cunningham, West Palm Beach, for petitioner.
Robert L. Shevin, Atty. Gen., and Frank B. Kessler, Asst. Atty. Gen., for respondent.
PER CURIAM.
This cause is before the Court on a petition for writ of certiorari to review the decision of the District Court of Appeal, Fourth District, in Williams v. State, 297 So.2d 655 (Fla.App. 4th 1974). We have jurisdiction pursuant to Fla. Const., Article V, Sec. 3(b)(3), F.S.A.
The petitioner was found guilty by a jury of violating State gambling statutes on August 13, 1973. On August 24, 1973, in open court, the trial judge denied the petitioner's motion for new trial or, in the alternative, for arrest of judgment; sentenced him to serve 18 months, and pursuant to Florida Rule of Criminal Procedure, Rule 3.670, advised the petitioner of his right to appeal and that he had 30 days to exercise same. A supersedeas bond in the amount of $10,000 was set in the event notice of the appeal was filed. The court then adjourned and later that day the trial judge in his chambers signed the written judgment and sentence. Notice of appeal was filed that same day (August 24th), but the filing fee was not paid until August 31st. Even though the written judgment was signed on August 24th, it was not filed for recording, and thus rendered, until August 28th. The State moved to dismiss the appeal alleging that the District Court did not have jurisdiction thereof since the notice of appeal was filed four days prior to the time judgment was rendered. The Fourth District Court granted the motion and this Court granted certiorari.
There are two issues before the Court. The first is whether or not the payment of the filing fee is jurisdictional. This Court in State ex rel. Dedmon v. Carroll, 151 So.2d 5, 7 (Fla. 1963) (dicta) observed that Florida Appellate Rule 3.2(d) "... clearly provides that jurisdiction is accomplished by the filing of the notice of appeal in the trial court and payment of the required fee."
Six years later in City of Gainesville v. Thomas, 229 So.2d 833 (Fla. 1969), aff'g., 220 So.2d 644 (Fla.App. 1st 1969), we receded from this observation by holding that:
"While timely filing of notice of appeal is jurisdictional, the timely deposit of the required filing fee is not. We do not *77 mean to imply by this that the deposit of the fee is not mandatory for we are of the opinion that it is. However, in circumstances where the clerk of the appropriate court is satisfied to accept a notice of appeal without simultaneously collecting the filing fee, then the subsequent deposit of the fee after the running of the appeal time limit will not affect the jurisdiction of the appellate court." (Emphasis supplied)
Our decision in City of Gainesville v. Thomas, supra, was correctly applied to criminal cases by the Fourth District Court in Papp v. State, 249 So.2d 82 (Fla.App. 4th 1971).
Subsequent to our decision in City of Gainesville v. Thomas, supra, three district courts of appeal opined that the timely filing of the notice of appeal alone is jurisdictional. This was so held without any reference to the discretionary power of the clerks to accept or reject the notice of appeal if the filing fee is not simultaneously paid or the adjudication of insolvency not simultaneously filed. State v. Sexton, 283 So.2d 578 (Fla.App.2d 1973); Evans v. State, 255 So.2d 711 (Fla.App. 1st 1971); Papp v. State, supra. Prior to our decision in City of Gainesville v. Thomas, supra, the First District Court adopted this view. State ex rel. Moore v. Murphree, 106 So.2d 430 (Fla.App. 1st 1958); State ex rel. Moore v. Murphree, supra, in turn was relied upon by the First District Court in Thomas v. City of Gainesville, 220 So.2d 644 (Fla.App. 1st 1969), wherein it held likewise. At that period in time the Murphree and Thomas decisions were in direct conflict with the Second District Court's decisions in Woolley v. State, 193 So.2d 706 (Fla.App.2d 1966) and Clark v. State, 191 So.2d 870 (Fla.App.2d 1966). Our decision in City of Gainesville v. Thomas, supra, was a compromise between these two diametrically opposing views. Regrettably, the passage of time has shown us that this compromise (vesting the clerks with discretionary power) has not accomplished its intended purpose. In retrospect, we can see that the clerks should not be burdened with a decision which requires the exercise of judicial power. Thus, we now recede from our decision in Thomas v. City of Gainesville, supra, as to the discretionary power vested in the clerks to either accept or reject a notice of appeal absent the simultaneous payment of the requisite filing fee or the filing of an adjudication of insolvency. Henceforth, the notice of appeal timely filed without simultaneous payment of the filing fee or the filing of an adjudication of insolvency shall act to vest jurisdiction in the respective appellate court. Consequently, our holding in City of Gainesville v. Thomas, supra, at 833, is modified as follows:
"While timely filing of notice of appeal is jurisdictional, the timely deposit of the required filing fee (or adjudication of insolvency) is not. We do not mean to imply by this that the deposit of the fee (or adjudication of insolvency) is not mandatory for we are of the opinion that it is. The subsequent deposit of the fee after the running of the appeal time limit will not affect the jurisdiction of the appellate court." (Explanation added)
The sanction for the refusal, or inexcusable negligence of the appellant in ultimately paying the required filing fee or filing the insolvency adjudication lies within the discretion of the appellate court. Accordingly, an appellate court may, after reasonable notice to the appellant, dismiss the appeal.
Our adoption of this position is in accord with the liberal interpretation which is to be accorded procedural rules. We also note that the Federal courts follow the rule that the filing of the notice of appeal alone is jurisdictional. Parissi v. Telechron, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955).
Having modified our holding in City of Gainesville v. Thomas, supra, we find it necessary to overrule the decisions of the *78 Second District Court in Woolley and Clark, supra, and expressly state our approval of the First District Court's decisions in Thomas v. City of Gainesville,[1]supra, and State ex rel. Moore v. Murphree, supra, as to the issue treated herein.
The second issue before us once again raises the question of when the time for appeal commences. Herein, the petitioner filed his notice of appeal after the written judgment was signed, but before it was rendered. From the briefs filed in this cause, it is apparent that the terms "rendered" and "entered" as employed in the appellate rules still engender confusion as to exactly when the appeal period commences.
Both words are used in the appellate rules. For example, Florida Appellate Rule 3.2(b) provides that:
"Appeals from final decisions, orders, judgments or decrees shall be commenced within 30 days from the rendition of the final decision, order, judgment or decree appealed from, ... ." (Emphasis supplied)
However, Florida Appellate Rule 6.2 provides that:
"Any appeal by the defendant from the judgment or sentence shall be taken within 30 days after the sentence is entered, provided that the defendant may take an appeal from the judgment within 30 days after the judgment is entered." (Emphasis supplied)
That the use of the above emphasized two different words for the same purpose in the rules has caused confusion is understandable since their common law definitions are contrary to those accorded them by this Court.
At early common law, both possessed separate and distinct meanings. "To render judgment" meant that the court had pronounced, stated or declared the judgment of the court in a given case; whereas, "To enter  or to record judgment" meant the clerk's ministerial act in spreading the judgment rendered upon the court's official records. Black's Law Dictionary, 1460 (Rev. 4th ed. 1968). Viewed within the confines of these two different definitions the above two rules are in direct conflict with one another. However, this Court's adoption of Florida Appellate Rule 1.3 (Rendition) harmonized these two definitions by making them synonymous. The rule states in pertinent part that the:
"Rendition of a judgment, decision, order or decree means that it has been reduced to writing, signed and made a matter of record, or if recording is not required then filed. A paper is deemed to be recorded when filed with the clerk and assigned a book and a page number." (Emphasis supplied)
This definitional harmonization was reaffirmed by this Court in State ex rel. Faircloth v. Cross, 238 So.2d 81 (Fla. 1970). Therein, Mr. Justice Adkins, for the Court, held that the term "rendition" as used in Florida Appellate Rule 1.3, and the term "entered" in Rule 6.2 were synonymous. The Court also held that the meaning of "rendered" as used in Florida Rule of Criminal Procedure, Rule 3.670 (formerly 1.670), is in accord with the two above rules.
*79 In State ex rel. Faircloth v. Cross, supra, the Court was faced with the situation where the defendant filed his notice of appeal from oral judgments of guilt 15 days before the written judgments were rendered, and thereafter filed a motion for a new trial. In such a case, a judgment is not deemed rendered (even though filed for recording) until such post-trial motions are disposed of.
Any question as to whether this synonym was to apply equally to both criminal as well as civil appeals was settled by this Court in Jenkins v. Lyles, 223 So.2d 740 (Fla. 1969). Therein we expressly overruled the decision of the Second District Court in Gossett v. State, 188 So.2d 836 (Fla.App.2d 1966), wherein that court declined to apply the harmonization of these two terms in Florida Appellate Rule 1.3 to criminal cases. Conversely, we expressly approved the Third District Court's decision in State v. Shedaker, 190 So.2d 429 (Fla.App.3d 1966), in which the latter court stated that the rule's harmonization of these terms applied equally to civil and criminal cases. Jenkins v. Lyles, supra, at 742 n. 6. This is the settled construction of these two terms in this jurisdiction. State ex rel. Faircloth v. Cross, supra; Jenkins v. Lyles, supra; White v. State, 267 So.2d 360 (Fla.App.2d 1972). Thus, it must be realized that for appellate purposes the use of the terms "rendered, render or rendition" and "enter or entered" are synonymous and their respective use in the appellate rules is to be considered to be the definitional equivalent of rendition as stated in Florida Appellate Rule 1.3.
In the instant case, the petitioner filed his notice of appeal after the trial judge signed the written judgment, but before it was filed for recording. Consequently, under the above construction of synonymity of "rendered" and "entered", the notice of appeal was premature, and did not vest the appellate court with jurisdiction. However, the petitioner was placed in an untenable position since the judgment conditioned the grant of supersedeas bond upon the filing of the notice of appeal. Hence, it is understandable that the defendant would file his notice of appeal so as to be eligible for such bond at the earliest possible time.
Because of this situation, we now hold that a defendant may, for the purposes of obtaining supersedeas bond, file his notice of appeal at any time after oral judgment or sentence is pronounced and before it is rendered, i.e., filed for recording. Prior to the judgment, the notice of appeal shall not be effective to vest jurisdiction in the appellate court, but will allow the defendant to obtain supersedeas bond. At the time when the judgment and/or sentence is rendered (filed for recording) the notice of appeal shall be effective to vest jurisdiction in the appellate court. It must be noted that notice of appeal so filed (to obtain supersedeas before judgment is rendered) shall not be subject to dismissal either by motion of the parties or of the Court.
Leaving aside the question of obtaining supersedeas bond, we also hold that a notice of appeal which is prematurely filed shall not be subject to dismissal. Rather, such a notice of appeal shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered. At the time of rendition, the notice of appeal shall mature and shall vest jurisdiction in the appellate court.
Thus, a notice of appeal which is filed after the oral pronouncement of judgment and/or sentence, but before rendition thereof, is not to be dismissed on the grounds that it is premature. This rule shall apply to such situations as when the defendant filed his notice of appeal:
1. After oral pronouncement of judgment, but before the judgment is reduced to writing and signed.

*80 2. After the written judgment is signed, but before it is rendered (filed for recording).
3. After the written judgment is filed for recording, but before a post-trial motion is decided.
This list is not to be considered as delineating the only situations in which this ruling applies. Others may arise in future cases. Thus, cases such as Holmes v. State, 267 So.2d 344 (Fla.App. 4th 1972), which held that a notice of appeal must be dismissed if filed prematurely, are expressly overruled.
Apart from these judgments, decrees, decisions and orders which are required to be recorded, our holding as to the premature filing of a notice of appeal is also to apply in these cases where the judgment, decree, decision or order is not required to be recorded. As to these, Florida Appellate Rule 1.3 only requires that it be "filed with the clerk" as opposed to "filed for recording."
It is emphasized that our respective holdings herein do not expand the thirty-day appeal period mandated by the Appellate Rules, but rather serve to harmonize the inconsistent prior practices under the rules with this Court's philosophy that procedural practices should not be permitted to frustrate substantive rights.
The decision of the District Court of Appeal, Fourth District, is quashed and the cause remanded with instructions that the petitioner's appeal be reinstated.
It is so ordered.
ADKINS, C.J., ROBERTS, BOYD, OVERTON and ENGLAND, JJ., and KLEIN, Circuit Judge, concur.
NOTES
[1] It should be noted that this Court's decision in State ex rel. Ervin v. Smith, 160 So.2d 518 (Fla. 1964), and the First District Court's decision in Gray v. State, 184 So.2d 222 (Fla.App. 1st 1966), were cited as controlling authority as to this point in the concurring opinion in Thomas v. City of Gainesville, supra. We do not deem them to be controlling upon this issue since both involved the untimely filing of a notice of appeal and did not speak to the question of whether the timely filing of the notice of appeal alone as opposed to the timely filing of the notice of appeal and the simultaneous payment of the filing fee is jurisdictional.