ON MOTION FOR REHEARING
COBB, Judge.
The appellant, Thomas Joseph Hannah, was found guilty of several related drug charges by a jury verdict returned on August 27, 1980. At that time, he was remanded to custody pending receipt by the trial court of a presentence investigation report. He was neither adjudicated nor sentenced.
As of October 31,1980, the defendant still had not been adjudicated or sentenced. On that date, he filed in the office of the Clerk of the Circuit Court of Brevard County the following “Notice of Appeal:”
NOTICE IS HEREBY GIVEN that THOMAS JOSEPH HANNAH, Defendant, Appellant, appeals to the District Court of Appeal, Fifth District of Florida, the conviction entered by the jury on August 27, 1980. The Honorable Roger F. Dykes accepted the jury verdict of guilty and remanded the Defendant, Appellant to custody pending pre-sentence investigation and said Defendant, Appellant has not yet been sentenced.
It was not until November 12, 1980, that the trial court adjudicated Hannah guilty and imposed sentence.
On May 6, 1981, this court sua sponte dismissed the appeal on the basis that a jury verdict is not appealable, citing Smith v. State, 395 So.2d 575 (Fla.5th DCA 1981). The appellant has moved for rehearing, but the motion fails to address the determinative issues:
1. Is the notice sufficient to constitute a premature appeal from a judgment, as opposed to the appeal of a verdict?
2. If so, can the rule enunciated by the Florida Supreme Court in Williams v. State, 324 So.2d 74 (Fla.1975), be applied where the notice of appeal is filed prior to any oral pronouncement of judgment or any reduction to writing of the judgment?
Upon consideration of the clear wording of the notice filed on October 31, 1980, and the Williams opinion, we answer both of the above questions in the negative: the notice purports to appeal the jury verdict; in Williams the notice was directed to a judgment which had been orally pronounced but not rendered. If the Williams exception is to be extended, the innovation should come from the Florida Supreme Court. See Hoffman v. Jones, 280 So.2d 431 (Fla.1973).
Accordingly, the motion for rehearing is denied. We certify this opinion, pursuant to Rule 9.030(a)(2)(A)(v), Florida Rules of Appellate Procedure, to the Florida Supreme Court as passing upon a question of great public importance: can a notice of appeal filed subsequent to verdict but prior to any oral pronouncement of judgment preserve an appeal?
DENIED.
SHARP, J., concurs.
DAUKSCH, C. J., dissents with opinion.