McCORD, Judge.
This is an appeal of nonfinal agency action denying appellant’s request for formal proceedings. We reverse.
On September 14, 1980, the Department of Corrections (Department) sought bids for the construction of Prison Building Number 14 and alternate bids for the construction of Prison Building Number 15 at Tomoca Correctional Institute. Bidders were required to list in the submitted bids each subcontractor they intended to use for the project. The sealed bids received were open on December 22, 1981. Appellant, Ajax Construction, Inc., was the low bidder on Building Number 14, but appellee, Dyson and Company (Dyson), submitted the lowest combination bid for both buildings.
On January 12, 1982, Dyson wrote a letter to the Department indicating that it intended to use a certain subcontractor which had not been listed in its original bid. On January 14, 1982, appellant sent a telegram to the Department protesting that by this change Dyson had not complied with the listing requirements. This was followed by a formal letter of protest on January 19, 1982. On January 21, 1982, the Department notified each bidder by mail of its intention to award the contract to Dyson. That letter also stated “failure to file a protest within the time prescribed by Section 120.53(5), Florida Statutes, shall constitute a waiver of proceedings under Chapter 120, Florida Statutes.” The letter was received by appellant on January 25, 1982. On February 9, 1982, appellant filed a petition for proceedings under Section 120.57(1), Florida Statutes. Dyson moved to quash or dismiss appellant’s protest. The Department came to the conclusion that the time limit set forth by Section 120.53(5) governed the case and that such time limit was not complied with in that appellant’s protest was premature. The Department noted that if, upon review, it were found that appellant did not waive its right to Chapter 120 proceedings, the Department would not refuse a request for 120.57(2) proceedings.[1] This appeal followed.
We hold that appellant did not waive its right to Chapter 120 proceedings. The situation here is analogous to the ruling of the Supreme Court in Williams v. State, 324 So.2d 74 (Fla.1975). There, the Supreme Court ruled that a notice of appeal which is prematurely filed shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered; that at the time of rendition, the notice of appeal shall mature and shall vest jurisdiction in the appellate court. Having already filed its protest with the Department, appellant here was not required to file an additional protest in response to the Department’s January 21 notice to bidders. The Department could have stated in its January 21. notice that a previous protest would be considered abandoned unless renewed within the time limit provided by the aforesaid *781 statute, but the notice as promulgated did not have that effect.
Reversed and remanded.
BOOTH, J., concurs.
ROBERT P. SMITH, Jr., C. J., dissents, with written opinion.

. It should be noted that if there are material issues of fact, a proceeding under Section 120.-57(1) is required.