421 So.2d 33 (1982)
Michael V. COSTELLO, Appellant,
v.
C.G. STRICKLAND, Jr., Appellee.
No. AK-207.
District Court of Appeal of Florida, First District.
October 21, 1982.
Rehearing Denied November 18, 1982.
Michael V. Costello, pro se, appellant.
Jim Smith, Atty. Gen., and James W. Sloan, Asst. Atty. Gen., for appellee.
ROBERT P. SMITH, Jr., Chief Judge.
Costello and two other inmates of Florida State Prison, without the assistance of counsel, appeal from a circuit court order dismissing as insufficient on its face their petition for a writ of prohibition and interim relief against the prison superintendent. Petitioners allege that the superintendent and other responsible officers of the prison threaten to remedy or terminate the inmates' "total hunger strike," which they staged "to protest the inhumane conditions of confinement" at the prison, by means of "forced medical treatment" and "intervention" not otherwise described. A subsequent motion sought immediate interim relief enjoining the superintendent "from intervening medically or force feeding [petitioners] when their health becomes jeopardized." Petitioners claim that their "hunger strike" is a form of speech protected by the Constitutions of the United States and of the State of Florida.
We do not reach the merits of this constitutional claim for two reasons. First, prohibition is an inappropriate remedy against an officer not exercising quasi-judicial power. Muina v. Sheriff of Gulf County, 376 So.2d 276 (Fla. 1st DCA 1979). While Rules 1.110(a) and (b), Fla.R.Civ.P., and a liberal reading of petitioners' prayer for a "temporary restraining order" might permit us to regard the action as for a temporary and permanent injunction, we are deterred by the second flaw in these proceedings. The notice of appeal was prematurely filed before the order dismissing the complaint was rendered, and no showing is made of a prior oral dismissal, as in *34 Williams v. State, 324 So.2d 74 (Fla. 1975), which would permit the notice of appeal to invoke this Court's jurisdiction.
For lack of jurisdiction the appeal is DISMISSED.
MILLS and THOMPSON, JJ., concur.