HURLEY, Judge,
concurring specially.
There is a procedural aspect to this case which, I think, merits further discussion. It involves the legal effect of a “premature” motion for new trial or rehearing. (By “premature” I mean a motion for new trial or rehearing which is filed before the rendition of a verdict in a jury action or the entry of judgment in a non-jury action. See Rule 1.530(b), Fla.R.Civ.P.) Two of our decisions: Karl A. Kandell Associates *136 v. Urbanek, 391 So.2d 782 (Fla. 4th DCA 1980), and Tri-State Systems, Inc. v. Seminole County, 302 So.2d 168 (Fla. 4th DCA 1974), suggest that such a premature motion is a nullity which does not suspend rendition of the final judgment. In my view, both decisions are incorrect and I would recede from them.
Rule 1.530(b), Fla.R.Civ.P.,' defines a timely motion for new trial as one which is “served not later than 10 days after rendition of verdict in a jury action or the entry of judgment in a non-jury action.” It seems to me that we are required by the facts of this ease to determine the effect of a premature motion for new trial in a jury action. I would hold that a motion for new trial which is filed before the verdict is rendered, that is, before the verdict is filed with the clerk,[1] is effective to postpone rendition of the final judgment entered on the verdict until the trial court disposes of the motion for new trial.
The following dates and events comprise the factual backdrop to this part of the case: (1) March 21, 1979 — at the conclusion of the plaintiffs case, the trial court orally granted directed verdicts in favor of two out of three defendants (the directed verdicts were not reduced to writing or filed with the clerk); (2) March 23, 1979 — plaintiff filed a motion for new trial; (3) May 23, 1979 — final judgment filed with the clerk; (4) June 28, 1979 — order filed denying plaintiffs motion for new trial; (5) July 26, 1979 — plaintiff/appellant filed its notice of appeal.
Initially, this appeal was dismissed because of our holdings in Tri-State and Urbanek, supra, that a premature motion for new trial is ineffective to postpone rendition.[2] Thus, this court concluded that appellant's notice of appeal was untimely and that we lacked jurisdiction. Now, however, the majority notes that Tri-State is inapplicable because it involved a non-jury matter. Ante, at 135. I do not believe that is a sufficient basis on which to distinguish the case.
Appellant’s motion for reconsideration drew our attention to the similarity between Rule 1.530(b), Fla.R.Civ.P., and Rule 59(b), Fed.R.Civ.P. The pertinent part of the Florida rule reads:
A motion for a new trial or for rehearing shall be served not later than 10 days after the rendition of verdict in a jury action or the entry of judgment in a non-jury action.
The Federal rule states:
A motion for a new trial shall be served not later than 10 days after the entry of the judgment.
*137 Appellant cogently argued that the similarity between these two rules should allow invocation of the following well known maxim:
Generally, it must be assumed that in adopting a rule identical to a Federal rule that our Supreme Court intended to achieve the same results that would inure under the Federal rule. Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525 (Fla. 1st DCA 1962). Recently this court, speaking through Judge McNulty, said:
... it’s well known that our Rules of Civil Procedure are patterned very closely after the Federal rules, and it has been the practice of the Florida courts closely to examine and analyze the Federal decisions and commentaries under the Federal rules in interpreting ours. [Citation omitted.]
Zuberbuhler v. Division of Administration, 344 So.2d 1304, 1306 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 135 (Fla.1978).
A study of the cases construing Rule 59(b), discloses that federal courts have eschewed the limitations which we have placed on the state rule. For example, in Partridge v. Presley, 88 U.S.App.D.C. 298, 189 F.2d 645, cert. denied, 342 U.S. 850, 72 S.Ct. 79, 96 L.Ed. 642 (1951), the court held:
Appellee’s argument that the motion for a new trial was premature because it was filed before the actual entry of judgment must be rejected, since Rule 59(b) of the Federal Rules of Civil Procedure requires a motion for a new trial to be “served not later than 10 days after the entry of the judgment.” It is perhaps somewhat unusual practice to move for a new trial before the actual entry of a judgment, but to do so is not forbidden by Rule 59(b).
189 F.2d at 646.
The Tenth Circuit, citing the principle that “the rules must be liberally construed to effectuate the ends of justice and to promote the consideration of appeals on their merits,” reached the same conclusion in Director of Revenue v. United States, 392 F.2d 307 (10th Cir.1968). See also McCulloch Motors Corp. v. Oregon Saw Chain Corp., 245 F.Supp. 851 (S.D.Cal.1963); Annot., 45 A.L.R.Fed. 104 (1979); 6A Moore’s Federal Practice, Section 59.-09[1] (2d ed. 1982).[3]
Our decisions are pegged to the dubious premise that “[i]t is apparent the rule does not contemplate such a motion absent a written judgment.” Tri-State Systems, Inc. v. Seminole County, supra, at 169. Upon reflection, I am constrained to suggest that this observation is incorrect. Nothing in the rule’s language suggests that a motion for new trial must be invalidated simply because it bears an earlier time stamp than the verdict or the final judgment.[4] Consequently, I would recede from those decisions which suggest such a rule and, in place thereof, I would adopt the rationale of the federal cases.
The decision of our Supreme Court in Williams v. State, 324 So.2d 74 (Fla.1975), *138 is analogous to the case at bar and provides further support for this position. Williams dealt with the efficacy of a notice of appeal filed prior to the rendition of the judgment. There the court held:
[A] notice of appeal which is prematurely filed shall not be subject to dismissal. Rather, such a notice of appeal shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered. At the time of rendition, the notice of appeal shall mature and shall vest jurisdiction in the appellate court.
Id. at 79.
Williams recognized that it was a senseless waste of counsel’s time and client’s money to require dismissal of one appeal, only to permit the perfection of a new appeal, Sloman v. Florida Power & Light Co., 382 So.2d 834 (Fla. 4th DCA 1980). Put another way, Williams refused to place form over substance, W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA), petition for review denied, 388 So.2d 1114 (Fla.1980), and thereby reinforced a litigant's right of access to the courts. I would apply the same principle here.
Accordingly, I would hold that appeK lant’s motion for new trial in a jury action, filed prior to the rendition of the verdict' and the final judgment, was “timely” within the meaning of Rule 9.020(g), Fla.R. App.P., and, thus, postponed rendition from May 23, 1979, to June 28, 1979, the date on which the motion was denied. Therefore, since appellant’s notice of appeal was timely filed, see Rule 9.110(b), Fla.R.App.P., I would reinstate the appeal on that basis.

. I recognize that an argument can be made for the proposition that a verdict is rendered when it is orally pronounced. Cf. Ellis v. State, 100 Fla. 27, 129 So. 106 (1930); McNitt v. Osborne, 371 So.2d 696 (Fla. 3d DCA 1979). However, I believe that the drafters of the rules employed the term “rendition" with the intent and reasonable expectation that its meaning would be uniform throughout the rules. Accordingly, I would opt for uniformity and simplicity and hold that the term “rendition,” as used in Rule 1.530(b), Fla.R.Civ.P., is subject to the definition of rendition found in Rule 9.020(g), Fla.R. App.P. Therefore, I would hold that a verdict is rendered when a written, signed verdict is filed with the clerk. Recently the Third District reached a similar conclusion and held that “the rendition of verdict occurs when it is returned, entered and filed_’’ Menfi v. Exxon Co., 433 So.2d 1327 (Fla. 3d DCA 1983).
“Rendition” has two related, yet distinct meanings. On the one hand, it signifies the physical act of filing. Rule 9.020(g), Fla.R.App.P., defines rendition (of an order) as “the filing of a signed, written order with the clerk of the lower tribunal.” On the other hand, rendition denotes finality. For example. Rule 9.110(b), Fla.R. App.P., states that a party may invoke an appellate court’s jurisdiction by filing a notice of appeal within 30 days of rendition of the order to be reviewed. Since a timely motion for new trial postpones rendition until the motion has been ruled upon, it is clear that in this context, "rendition” means something more than the date on which a document was filed.

. Tri-State was a non-jury action in which the plaintiff/appellant filed a motion for rehearing prior to the entry of judgment. (Note that entry of judgment differs from filing of the judgment. Casto v. Casto, 404 So.2d 1046, 1048 (Fla.1981), defined entry of judgment as "the recording of the judgment — the spreading of the judgment upon the court’s official records.”) The significant point of Tri-State is that it generated the principle that a premature motion for new trial is a nullity.

. Moore's Federal Practice provides this historical commentary:
Under the early English common law "the motion for a new trial preceded the entry of judgment, which was not entered upon the verdict as a matter of course, nor at all until after the first four days of the next term after trial.” Rule 59(b) requires that a motion for new trial be served "not later than 10 days after the entry of the judgment.” This wording was designed to be broad enough to permit the motion to be made both before and after the entry of the judgment.
6A J. Moore, Moore’s Federal Practice § 59.-09[1] (2d ed. 1982) (footnotes omitted).

. In fact, Rule 1.530, Fla.R.Civ.P., is silent on the question of when a motion for new trial may be filed. What it does specify — and this is true of the federal rule as well — is when a motion for new trial must be served. Sadowski v. Bombardier, Ltd., 527 F.2d 1132 (7th Cir.1975), underscored the distinction between service and filing when it said:
To attribute to Rule 59 a time requirement for filing is to disregard the plain and unambiguous language expressed in the rule and to imply careless draftsmanship of the Federal Rules of Civil Procedure. Id., at 1134.
In light of the Florida Supreme Court’s holding in Casto v. Casto, 404 So.2d 1046 (Fla.1981), there can be no doubt that the draftmanship of the Florida rule is entitled to similar deference.