483 So.2d 823 (1986)
OUTBOARD MARINE DOMESTIC INTERNATIONAL SALES CORP. and Yatacha C.A. for Use and Benefit of Underwriters at Lloyds of London, Appellants,
v.
FLORIDA STEVEDORING CORP., Appellee.
No. 85-1939.
District Court of Appeal of Florida, Third District.
February 25, 1986.
Edward F. Gerace, Tampa, for appellants.
Richard F. Ralph, Miami, for appellee.
Before SCHWARTZ, C.J., and BASKIN and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
The statute of limitations on the cause of action asserted by the plaintiffs-appellants expired on March 7, 1983. On February 28, 1983, the clerk of the lower court received and clocked in an original complaint in the case, but returned it to the plaintiffs' counsel in Tampa because the accompanying check for the filing fee was $3.50 short. The complaint, this time with the appropriate fee, was resubmitted on March 8, 1983. The trial court entered summary judgment for the defendant on the ground that the latter admittedly untimely date was controlling for limitations purposes. Upon the directly contrary holding that tendering the correct filing fee is not a precondition to the filing of a complaint, we reverse.
This result is compelled by the holding of Williams v. State, 324 So.2d 74 (Fla. 1975), that the required filing fee is not a jurisdictional prerequisite to the timely filing of a *824 notice of appeal. Accord Weintraub v. Alter, 482 So.2d 454 (Fla. 3d DCA 1986). That Williams controls is demonstrated conclusively by the decisions which, on the authority of Parissi v. Telechron, 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955), which is identical to and was followed in Williams, reach the same conclusion as to the complaint-commencement-of-action issue now before us. Wrenn v. American Cast Iron Pipe Co., 575 F.2d 544, 547 (5th Cir.1978); Bolduc v. United States, 189 F. Supp. 640 (D.Me. 1960); Green v. Cotton Concentration Co., 294 F. Supp. 34 (S.D. Tex. 1968); accord State ex rel. Crawford County v. Bouse, 586 S.W.2d 61 (Mo. Ct. App. 1979) (en banc) (citing Parissi); see Ajax Construction, Inc. v. State, 413 So.2d 779 (Fla. 1st DCA 1982) (applying Williams to filing of APA proceeding); see also Pearce v. Parsons, 414 So.2d 296 (Fla.2d DCA 1982) (deposit of fees for removal of cause to circuit court not jurisdictional; citing Williams). Indeed, because, in contrast to the filing of a notice of appeal, the timely commencement of an action is not jurisdictional and implicates only the possibility of a clearly waivable limitations defense, Williams, if anything, applies even more clearly to this situation than to its own.[1],[2] See Szteinbaum v. Kaes Inversiones y Valores, 476 So.2d 247 (Fla. 3d DCA 1985) (noting that decision that corporation may file notice of appeal applies "[a] fortiori," id. at 252, to filing of complaint and that even contrary determination as to appeal would not affect complaint issue because a "valid notice of appeal, unlike a complaint, is a prerequisite to vesting the court with jurisdiction." Id. at 252 n. 11).
Under Fla.R.Civ.P. 1.050, an action is deemed commenced for limitations purposes when the complaint is "filed." A pleading is "filed," in turn, "when it is delivered to and received by the proper officer for that purpose." Cook v. Walgreen Co., 399 So.2d 523, 524 (Fla. 2d DCA 1981). Since that process  the efficacy of which does not involve or require a fee[3]  was completed in this case when the complaint arrived in the clerk's office in the nick of time on February 28, 1983, the judgment below is
Reversed.
NOTES
[1] Both the lower court and the appellee have relied upon State ex rel. Kaufman v. Sutton, 231 So.2d 874, 875 (Fla. 3d DCA 1970), to the effect that "[t]he acceptance of the filing of a complaint is a mere ministerial act, and the officer charged with the responsibility of receiving same is required to accept what is tendered to him if it is accompanied by the proper fee." Since the filing fee issue was not at all involved in Sutton, it is doubtful that this language may be fairly read to support the negative implication sought to be drawn from it  that the clerk need not accept a complaint if the proper fee is not tendered. If it does, it is surely no more than inconclusive dictum. Whatever the proper interpretation of Sutton itself may be on the point, however, it is clear that no such proposition could have survived Williams. See Wrenn (holding that filing fee not required for commencement of action; stating that contrary holding of Turkett v. United States, 76 F. Supp. 76 (N.D.N.Y. 1948) "predates Parissi." 575 F.2d at 547.)
[2] It might also be added that, while the appeal fees are uniform throughout the state, see § 28.241(3), Fla. Stat. (1985), those for filing the complaint vary from county to county according to the adoption of the various supplements authorized by § 28.241(1). The fact that, as apparently occurred in this very case, the amount of the fee required for the complaint is difficult even to ascertain, provides another reason for applying the Williams rule to this issue on an a fortiori basis.
[3] It has often been pointed out that the failure to pay a filing fee is a matter which essentially concerns only the clerk and should not inure to the benefit of the opposing party. State ex rel. Moore v. Murphree, 106 So.2d 430, 432, 433 (Fla. 1st DCA 1958), cert. denied, 108 So.2d 48 (Fla. 1958); Avco Financial Services v. Caldwell, 219 Kan. 59, 547 P.2d 756, 760 (1976). Although under our ruling the action must be "filed" and may not be terminated on limitations grounds even if the appropriate fee is not tendered, this does not mean that the lower court has no role whatever in enforcing the fee requirement. As in the case of the appellate court under Williams, the trial court may order the plaintiff to pay the fee or suffer dismissal. This procedure salutarily insures that the rights of the parties will be determined, as they should be, by the court, rather than the clerk.