489 So.2d 856 (1986)
Winston LLOYD, Appellant,
v.
Baya HARRISON, Appellee.
No. BH-323.
District Court of Appeal of Florida, First District.
June 6, 1986.
Winston Lloyd, pro se.
Baya Harrison, Tallahassee, for appellee.
PER CURIAM.
This case had been fully briefed and had proceeded to conference before the court became aware of the possibility that it did not have jurisdiction to entertain the appeal. The record indicates that the trial court did not rule upon the motion for rehearing filed on June 25, 1985 prior to the filing of the notice of appeal. If that is so, this court would not have jurisdiction to entertain this appeal and the notice of appeal would hang "somewhere in limbo" until such time as the trial court effectuates rendition by ruling on the motion for rehearing. See Park v. Bayview Village Condominium Association, 468 So.2d 1116, 1117 (Fla. 4th DCA 1985), in which the court relied upon Williams v. State, 324 So.2d 74 (Fla. 1975).
However, it is unclear from the record whether the motion for rehearing was timely. Therefore, the case is remanded to the trial court for determination of whether the motion was timely, and for disposition of the motion. Appellant is directed to inform this court within thirty (30) days whether the trial court has ruled on or otherwise disposed of the motion for rehearing, and to supplement the record with any such disposition. When this court receives notice that the trial court has disposed of the motion, the notice of appeal shall mature and vest jurisdiction in this court.
We certify to the Florida Supreme Court, as a matter of great public importance, the following questions:
1. Are the appellate courts of this state bound by what appears to be dictum in Williams v. State, 324 So.2d 74, 79-80 (Fla. 1975), to the effect that notices of appeal filed after written judgment is filed for recording, but before a post-trial motion is decided, are premature, but may not be dismissed on that ground?
2. If so, does the Williams rule apply even in the case where the post-trial motion was filed by the appellant, or may the appellate court treat such motions as having been abandoned by the action of filing the notice of appeal, Allen v. Town of Largo, 39 So.2d 549 (Fla. 1949)?
3. If the Williams rule would apply in such situations, are the appellate courts required to search the record in each case for evidence that such a post-trial motion has been filed and has not been ruled upon?

*857 4. If the appellate court is required to search the record for undecided post-trial motions, do the parties have an obligation to bring such motions to the attention of the appellate court and/or to ensure that such motions are included in the record on appeal?
5. If the Williams rule places a notice of appeal in a state of "limbo" until the trial court rules upon the post-trial motion(s), may the appellate court limit the duration of this "limbo" by appropriate order, or is the "limbo" of possibly infinite duration?
6. If the appellate courts may not curtail the "limbo" in which the notices of appeal are placed in such circumstances, what procedure should be used to handle those case files until such time as the notices of appeal mature?
7. What procedure should be followed by the appellate courts when the record contains what appears to be a pending post-trial motion, but there is also some indication that the motion may have been untimely?
SHIVERS, ZEHMER and BARFIELD, JJ., concur.