SHIVERS, Judge.
On March 10, 1986, the trial court entered a final judgment of permanent commitment and on April 9, 1986, the natural parents filed a timely notice of appeal. Pri- or to filing the notice of appeal, however, the parents filed a timely motion for rehearing. Since the record indicates that the motion for rehearing has not been ruled upon, it appears that this court is without jurisdiction to entertain the appeal, and that the notice of appeal remains “in limbo” until the trial court effectuates rendition by ruling on the motion for rehearing. Lloyd v. Harrison, 489 So.2d 856 (Fla. 1st DCA 1986) and Leopard v. State, 489 So.2d 859 (Fla. 1st DCA 1986).
We therefore direct the appellant to inform this court within thirty (30) days whether the trial court has ruled on the motion for rehearing and to supplement the record on appeal with any such ruling. In the event this court receives notice that the trial court has denied the motion, the notice of appeal will mature and jurisdiction will vest in this court.
We certify to the Florida Supreme Court the same questions as were certified in the Lloyd and Leopard cases, as matters of great public importance:
*989 1. Are the appellate courts of this state bound by what appears to be dictum in Williams v. State, 324 So.2d 74, 79-80 (Fla.1975), to the effect that notices of appeal filed after written judgment is filed for recording, but before a post-trial motion is decided, are premature, but may riot be dismissed on that ground?
2. If so, does the Williams rule apply even in the case where the post-trial motion was filed by the appellant, or may the appellate court treat such motions as having been abandoned by the action of filing the notice of appeal, Allen v. Town of Largo, 39 So.2d 549 (Fla.1949)?
3. If the Williams rule would apply in such situations, are the appellate courts required to search the record in each case for evidence that such a post-trial motion has been filed and has not been ruled upon?
4. If the appellate court is required to search the record for undecided post-trial motions, do the parties have an obligation to bring such motions to the attention of the appellate court and/or to ensure that such motions are included in the record on appeal?
5. If the Williams rule places a notice of appeal in a state of “limbo” until the trial court rules upon the post-trial motion(s), may the appellate court limit the duration of this “limbo” by appropriate order, or is the “limbo” of possibly infinite duration?
6. If the appellate courts may not curtail the “limbo” in which the notices of appeal are placed in such circumstances, what procedure should be used to handle those case files until such time as the notices of appeal mature?
SMITH and ZEHMER, JJ., concur.