# Third District Court of Appeal

## State of Florida

Opinion filed August 3, 2016.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-805
Lower Tribunal No. 14-9291
_____

**Linton E. Seymour,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge Rodriguez-Chomat, Judge.

Carlos J. Martinez, Public Defender, and Stephen J. Weinbaum, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and Jill D. Kramer, Assistant Attorney General, for appellee.

Before SUAREZ, C.J., and SALTER and EMAS, JJ.

SUAREZ, C.J.

Linton  Seymour appeals from the trial court's  order denying his Rule 3.850

motion to vacate sentence. For the reasons stated below, we reverse and remand.[1]

Seymour filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to Florida Rule of Criminal Procedure 3.850. The motion raised four issues: 1) The judgment or sentence was entered in violation of federal and state law; 2) The court had no jurisdiction to enter judgment; 3) The court had no jurisdiction to impose sentence; and 4) The plea was involuntary and forcible. [sic] The motion was unsupported and unsworn, but the trial judge did not find it legally insufficient or advise Seymour that he could have sixty days to amend pursuant to 3.850(e). Instead, the trial court brought the defendant into court, without counsel and without swearing him in, and questioned him about his plea agreement. When Seymour stated that he wanted to wait for his lawyer, the trial court reset the hearing for the next day. The next day the trial court held a hearing during which the judge questioned the defendant's counsel about the 3.850 claims and whether counsel had explained to Seymour the plea agreement that Seymour had signed. Counsel took the stand, unsworn, and stated that he discussed everything with Seymour and that the plea was informed, voluntary and uncoerced. The trial court summarily denied the Rule 3.850 petition.

On appeal, Defendant argues that the two hearings were evidentiary hearings where there was no notice that the hearings were evidentiary in nature, no parties

---

[1] This opinion in no way addresses, nor should it be construed as addressing, the merits of Defendant's motion to vacate sentence.

were sworn in, there was no opportunity to call witnesses or cross examine witnesses and the order contained no findings of fact or conclusions of law necessary to support the denial of a 3.850 petition with evidentiary hearing.

We agree with Seymour, and the State concedes, that the procedure followed by the trial court was not an effective evidentiary hearing with notice, appropriate response by the state, or with findings of fact and conclusions of law. Neither was it a ruling on the motion without hearing, stating the trial court's reasoning and attaching pertinent parts of the record as required by Rule 3.850(f), Florida Rules of Criminal Procedure.

We further note that the State's argument that this Court lacks jurisdiction over this appeal is not well taken. The Defendant filed his Notice of Appeal of the trial court's verbal ruling denying his Motion to Vacate Sentence on April 7, 2015. However, the final written Order was not rendered by the trial court until May 7, 2015. Therefore, the State argues, we lack jurisdiction. The State fails to consider that this Court did not dismiss the appeal prior to the entry of the final order. Therefore, pursuant to Rule 9.110(l), Florida Rules of Appellate Procedure this Court has jurisdiction. In pertinent part the Rule states:

> (l) Premature Appeals. Except as provided in rule 9.020(i), if a notice of appeal is filed before rendition of a final order, the appeal shall be subject to dismissal as premature. However, the lower tribunal retains jurisdiction to render a final order, **and if a final order is rendered before dismissal of the premature appeal, the premature notice of appeal shall be considered effective to vest jurisdiction in the court to review the final order.** Before dismissal, the court in its

3

> discretion may grant the parties additional time to obtain a final order from the lower tribunal. (emphasis added)

See also Williams v. State, 324 So. 2d 74, 79 (Fla. 1975) (holding that a prematurely filed notice of appeal shall not be subject to dismissal but shall be held in abeyance until the judgment in the respective civil or criminal case is rendered, at which time the notice of appeal shall mature and vest jurisdiction in the appellate court). Therefore, the Notice of Appeal was effective to vest this Court with jurisdiction over this appeal.

We therefore vacate the trial court's order and remand for an amended order to be entered on claims one through three of Seymour's postconviction motion. Should the trial court summarily deny those claims, it shall attach those portions of the record that conclusively refute the claims. Fla. R. Crim. P. 3.850(f)(4). As well, the trial court shall conduct another evidentiary hearing on Seymour's fourth claim of involuntary plea, complete with notice and opportunity to be heard; the order shall determine the issue and make appropriate findings of fact and conclusions of law. Fla. R. Crim. P. 3.850(f)(8). The reversal is without prejudice to Seymour to provide additional substance for his claim of involuntary plea.

Reversed and remanded.