302 So.2d 168 (1974)
TRI-STATE SYSTEMS, INC., Appellant,
v.
SEMINOLE COUNTY, a political subdivision of the State of Florida, Appellee.
No. 73-696.
District Court of Appeal of Florida, Fourth District.
October 25, 1974.
*169 William D. Rowland, Winter Park, for appellant.
Howard R. Marsee, of Pitts, Eubanks, Ross & Rumberger, Sanford, for appellee.
DOWNEY, Judge.
Appellee Seminole County sought to enjoin appellant Tri-State Systems, Inc., from constructing signs along Interstate Highway 4 in said county without a building permit. By counterclaim appellant sought to require appellee to issue it a belated permit to complete certain construction already commenced.
The case was tried on February 16, 1973, on the amended complaint and answer, the counterclaim having been severed. On April 6, 1973, prior to the entry of any judgment or order, appellant filed a motion for rehearing directed to certain matters occurring at trial. On April 9, 1973, the trial court rendered an "Opinion and Order" in which he reviewed the pleadings, the facts and applicable law, announced his conclusions, and directed the preparation of "an appropriate order." On April 17, 1973, appellant filed a motion for rehearing directed to the "Opinion and Order" of April 9, 1973. On May 2, 1973, the court rendered a final judgment for mandatory injunction. On May 29, 1973, the court entered an order denying appellant's motions for rehearing. Appellant filed its notice of appeal on June 6, 1973, directed to the judgment of May 2, 1973, and the order of May 29, 1973, which denied the motions for rehearing that had been filed in April.
We perceive a threshold question which precludes consideration of the merits of this appeal. The notice of appeal seeks to have reviewed the final judgment rendered May 2, 1973, and the order entered May 29, 1973, denying the motions for rehearing. The time for appeal from the final judgment rendered May 2, 1973, expired on June 1, 1973, unless such time was tolled by an appropriate petition for rehearing. There was no such petition or motion filed. Appellant's first motion for rehearing, filed April 5, 1973, was not directed to any order or judgment, for none had been entered. The authority for filing a motion for rehearing is Rule 1.530, RCP. It authorizes such a motion within ten days after the entry of a judgment in a nonjury trial. It is apparent the rule does not contemplate such a motion absent a written judgment.
The second motion for rehearing, filed April 17, 1973, was directed to the "Opinion and Order" of April 9, 1973. The final judgment was not rendered until May 2, 1973. The "Opinion and Order" of April 9, 1973, was not a final judgment, it was merely a memorandum decision. It was not an appealable order, and so the motion for rehearing directed to it did not toll the running of the time for appeal from the subsequently rendered final judgment. Cf. Wagner v. Bieley, Wagner Assoc., Inc., Fla. 1972, 263 So.2d 1.
The notice of appeal directed to the order of May 29, 1973, denying appellant's motions for rehearing could not have the *170 effect of bringing up the final judgment for review because the motion and order thereon related not to the final judgment but to the "Opinion and Order" entered prior to that judgment.
Accordingly, for jurisdictional reasons we are unable to reach the final judgment and the merits of this cause, and the appeal must be dismissed.
Appeal dismissed.
OWEN, C.J., and CROSS, J., concur.