**GRIFFIN, et al v. FLORIDA CITRUS COMMISSION, et al.**
No. 3662.
Circuit Court, Lake County.
January 28, 1975.

Charles E. Davis of Fishback, Davis, Dominick & Simonet, Orlando, for the plaintiffs.

Monterey Campbell of Campbell, Dunlap, Coward & Blakeman, Bartow, for the defendants.

Raymer Maguire of Maguire, Voorhis & Wells, Orlando, amicus curiae.

W. TROY HALL, Jr., Circuit Judge.

This cause came on for hearing on January 22, 1975 on the petition for rehearing filed by the Florida Citrus Commission directed to the order on petition for attorneys' fees of this court dated July 18, 1974.

This cause was filed in December, 1968, as a taxpayers class action, challenging the legality of a tax and sales promotion program aimed at the school lunch market adopted by an administrative order of the Florida Citrus Commission pursuant to Florida Statute 601.154. Counsel for all parties have very ably conducted this litigation of a multitude of complex legal and factual issues and several appeals have been involved. Counsel for all of the parties have, in every instance throughout this litigation, fully and carefully studied the law and presented to the court their full and careful arguments on all of the points involved.

During the pendency of this litigation, the proceeds of the tax were maintained in a fund and not expended. Approximately 13.5 million dollars was collected and the fund has now grown to approximately 17 million dollars.

Following the final judgment in this cause, this court took two full days of testimony on the issue of whether or not plaintiffs' attorneys were entitled to receive attorney's fees in this cause, and if so, the amount to be awarded. A full day hearing was held on August 31, 1973, and at the conclusion of that hearing, the defendants requested and were granted three months in which to prepare and present to the court their evidence on these matters. On November 29, 1973, another full day of hearing was held at which the defendants presented all their evidence and arguments. Thereafter, the parties were granted a period totaling 2½ months for the preparation and presentation of briefs to the court on the evidence and the law on these matters.

Following the receipt of all of this evidence, arguments and briefs, the court undertook a review of all the matters involved in this cause which included a record consisting of several thousand pages, testimony presented at the two days of hearing, extensive briefs filed by the parties, and the arguments made by counsel. Each of the parties had a full and complete opportunity to introduce evidence and present arguments both on the facts and the law to the court and each of the parties took full advantage of this opportunity.

Thereafter on July 18, 1974, this court entered its order ruling that plaintiffs' counsel were entitled to an attorney's fee of $330,000 payable out of the fund which had been preserved by the suit.

On July 26, 1974, the defendants filed a petition for rehearing directed to this court's order on petition for attorneys' fees. In this petition the defendants recited that one of the attorneys for plaintiffs in this case had appeared at an administrative public hearing after this court's order on petition for attorneys' fees and opposed a new administrative order then under consideration by the defendants.

At the hearing on defendants' petition for rehearing, the defendants argued that plaintiffs' chief counsel had opposed a new administrative order intended to implement new legislation adopted after final judgment in this suit, which had made possible the formation of a citrus pool, something which plaintiffs had maintained in the law suit was necessary for a workable school lunch marketing program. This was the only basis urged in support of the defendants' request that the court reconsider its order on petition for attorneys' fees. Neither in their petition nor in the argument presented on it, did the defendants suggest that this court had misinterpreted either the law or the facts presented to the court and considered by the court in reaching its decision on the petition for attorneys' fees. The defendants did not suggest either in their petition for rehearing or in their argument on it that the court had erred in any manner in reaching its decision, or had overlooked or failed to consider anything which the parties had presented to the court. The defendants placed into the record the original transcript of the statements of plaintiffs' chief counsel made at the public hearing held on July 19 and 20, 1974, and a subsequent news release of United Growers and Shippers about the proposed new administrative order, and relied solely upon the matters reflected therein upon which to base their petition for rehearing.

At the hearing on the defendants' petition for rehearing the plaintiffs argued that the petition was out of order because the Florida Rules of Civil Procedure do not authorize the filing of a motion for rehearing in a non-jury case directed to anything except a final judgment on the merits. The plaintiffs further argued that the matters raised by defendants were not related to this court's order on petition for attorneys' fees and that nothing inconsistent with the record before this court, and considered by this court in reaching its decision on the attorneys' fee question, was contained in the exhibits upon which the defendants sought to base their petition for rehearing.

Plaintiffs further pointed out that the transcript of the proceedings at the public hearing made clear the fact that the chief counsel for the plaintiffs had made his statements at the public hearing,

not as counsel in this case which was then over, but as a citrus grower who was personally interested in the outcome of the public hearing. Plaintiffs emphasized the fact that the chief counsel's personal statements in opposition to the specific administrative program being considered at the public hearing had not been opposition to pooling, but rather had been opposition to what he viewed as defects and uncertainties in the particular administrative order then under consideration.

The matters raised in the petition for rehearing and defendants' arguments in support of it as well as in the exhibits presented in support of the petition do not relate to the multitude of considerations made by this court in reaching its decision reflected in the court's order on attorneys' fees. The court further finds no inconsistencies between the statements made by plaintiffs' counsel at the public hearing and the evidence that was before this court and upon which this court based its decision on attorneys' fees.

The court finds no grounds upon which to base a change in its earlier decision on attorneys' fees which was reached only after a full and complete opportunity given all parties to present evidence and arguments to the court.

For these reasons, the petition for rehearing should be, and is denied.

In addition, Fla. Rules of Civil Procedure, Rule 1.530, provides for the filing of a motion for rehearing only to ". . . the entry of a judgment in a non-jury action." The order on petition for attorneys' fees was not a "judgment" within the meaning of this rule. It was an interlocutory order entered after a final judgment. It was not of such a nature as to be a final judgment on the merits, but rather was in the nature of a "housecleaning" order to dispose of an interlocutory matter that remained after judgment was entered. See, e.g., Hastings v. Osius, 104 So.2d 21 (Fla. 1958). The fact that the order deals with a considerable sum of money does not change its nature. In the context of this lawsuit, the order deals with less than 2% of the amount that was involved.

Accordingly, and based upon decisions of the Florida Supreme Court, and each of the District Courts of Appeal of Florida (see, e.g., Wagner v. Bieley, Wagner & Associates, Inc., 263 So.2d 1 (Fla. 1972); Home News Publishing Co. v. U-M Publishing, Inc., 246 So.2d 117 (1st D.C.A. 1971); Southwest Electric Supply v. Barrfield, 302 So.2d 810 (2d D.C.A. 1974); Laundermation Corp. v. Uniforms For Industry, Inc., 276 So.2d 535 (3rd D.C.A. 1973); Tri-State Systems, Inc. v. Seminole County, 302 So.2d 168 (4th D.C.A. 1974), the court holds that the petition for rehearing, not

being directed to a final judgment on the merits, but rather to an interlocutory order, is not authorized by the Florida Rules of Civil Procedure and is therefore denied.