PER CURIAM.
This appeal relates to a controversy in which a bank unsuccessfully sought to recover an overdraft against a depositor. The same recovery was also sought against another defendant who was not a customer of the bank. The appeal was initially considered on a motion to dismiss filed in this court. We initially granted that motion but later reversed our ruling by order of March 10, 1983. We conclude that this court has jurisdiction to entertain the appeal, and that the appellant’s motion for new trial served within three days of the court’s orally directing a verdict in the jury trial below was timely under Rule of Civil Procedure 1.530(b). The case of Tri-State Systems, Inc. v. Seminole County, 302 So.2d 168 (Fla. 4th DCA 1974), does not require dismissal of this appeal. The Tri-State case was a nonjury matter, and Rule of Civil Procedure 1.530(b) makes a clear distinction between jury and nonjury matters.
As to the merits, we conclude that the court correctly directed a verdict in favor of the defendant, William Popfinger. Although no clear Florida authority exists on the subject, we adopt the rationale of the New Hampshire Court in Cambridge Trust Company v. Carney, 115 N.H. 94, 333 A.2d 442 (1975).
As to the bank’s appeal against defendant, Bruce Nickells, we are considerably hampered by the absence of a brief on behalf of this party. We hold that an issue of fact was presented as to whether the bank was a holder in due course and that the court thus erred in directing a verdict. The judgment is reversed as to defendant, Nickells, and affirmed as to defendant, Popfinger.
AFFIRMED IN PART and REVERSED IN PART.
ANSTEAD, C.J., and DOWNEY, LETTS, BERANEK, HERSEY, GLICKSTEIN, DELL and WALDEN, JJ., concur.
HURLEY, J., concurs specially with opinion.