453 So.2d 1155 (1984)
In re ESTATE OF Mark Daniel ZIMBRICK, Deceased.
Susan E. ZIMBRICK, Appellant,
v.
Kevin Williard ZIMBRICK, As Personal Representative of the Estate of Mark Daniel Zimbrick, Deceased, Appellee.
No. 83-2458.
District Court of Appeal of Florida, Fourth District.
July 13, 1984.
*1156 Christopher J. Ema of MacLean, Amato, Arlen & Anderson, Pompano Beach, for appellant.
Stuart R. Michelson of Michelson, Young & Maurodis, P.A., Deerfield Beach, for appellee.

ON MOTION TO DISMISS
HURLEY, Judge.
In order to rule upon appellee's motion to dismiss the appeal, we must determine the legal effect of a "premature" motion for rehearing  that is, a motion for rehearing filed before the trial court reduced its oral pronouncement to writing. Two cases, Karl A. Kandell Associates, Inc. v. Urbanek, 391 So.2d 782 (Fla. 4th DCA 1980) and Tri-State Systems, Inc. v. Seminole County, 302 So.2d 168 (Fla. 4th DCA 1974), suggest that a premature motion is a nullity which does not suspend rendition of a final order. Today we revisit and recede from these cases.[1]
The present appeal arises from a probate proceeding in which the divorced parents of a deceased son disagree as to which parent should serve as the personal representative of their son's estate.[2] Each parent filed a petition for administration and an objection to the other being named personal representative. The following dates and events comprise the background for the instant motion to dismiss.
Sept. 22, 1983  Hearing at which the trial court announced its decision to appoint the father personal representative.
Oct. 3, 1983  Mother filed motion for rehearing pursuant to Rule 1.530, Fla. R.Civ.P.
Oct. 4, 1983  Trial court signed and filed written order appointing father to serve as personal representative.[3]

*1157 Oct. 14, 1983  Trial court denied mother's motion for rehearing.
Nov. 14, 1983  Mother filed notice of appeal.
Relying on Urbanek and Tri-State, the father has moved to dismiss the mother's appeal. He contends that because her motion for rehearing was premature, i.e., filed before the trial court filed its written order, it is a nullity and, therefore, did not suspend rendition of the court's October 4th order. Consequently, he argues that the appeal must be dismissed because the 30-day appeal period expired before the mother filed her notice of appeal.
Our analysis begins with the basic rule that an authorized and timely motion for rehearing suspends rendition of an order until the court has disposed of the motion for rehearing. See Rule 9.020(g), Fla.R.App.P. The issue is whether a "premature" motion for rehearing is "timely." The starting point is Rule 1.530(b), Fla.R. Civ.P., which provides in pertinent part:
A motion for a new trial or for rehearing shall be served not later than 10 days after rendition of verdict in a jury action or the entry of judgment in a nonjury action.
Tri-State Systems, Inc. v. Seminole County, supra, examined the above rule and concluded that it did not contemplate a motion for rehearing absent a written judgment. Therefore, the court held that a premature motion for rehearing was a nullity which did not suspend rendition of a final order. A closer reading of the rule, however, reveals that it is silent on the efficacy of a premature motion for rehearing. In fact, the rule seems to focus its attention in the opposite direction. Rather than prohibit early filing, the rule specifies an appropriate cutoff date for service  the "motion ... shall be served not later than ...."
Since the language of the rule is not definitive, we turn to the interpretation given the analogous federal rule. Rule 59(b), Fed.R.Civ.P., states:
A motion for a new trial shall be served not later than 10 days after the entry of the judgment.
It has been suggested that the similarity between Rule 1.530(b), Fla.R.Civ.P., and Rule 59(b), Fed.R.Civ.P., permits invocation of the following maxim:
Generally, it must be assumed that in adopting a rule identical to a Federal rule that our Supreme Court intended to achieve the same results that would inure under the Federal rule. Edgewater Drugs, Inc. v. Jax Drugs, Inc., 138 So.2d 525 (Fla. 1st DCA 1962). Recently this court, speaking through Judge McNulty, said:
... it's well known that our Rules of Civil Procedure are patterned very closely after the Federal rules, and it has been the practice of the Florida courts closely to examine and analyze the Federal decisions and commentaries under the Federal rules in interpreting ours. [Citation omitted.]
Zuberbuhler v. Division of Administration, 344 So.2d 1304, 1306 (Fla. 2d DCA 1977), cert. denied, 358 So.2d 135 (Fla. 1978).
*1158 A study of the cases construing Rule 59(b) discloses that federal courts have eschewed the limitations which we have placed on the state rule. For example, in Partridge v. Presley, 189 F.2d 645 (D.C. Cir.), cert. denied, 342 U.S. 850, 72 S.Ct. 79, 96 L.Ed. 642 (1951), the court held:
Appellee's argument that the motion for a new trial was premature because it was filed before the actual entry of judgment must be rejected, since Rule 59(b) of the Federal Rules of Civil Procedure requires a motion for a new trial to be "served not later than 10 days after the entry of the judgment." It is perhaps somewhat unusual practice to move for a new trial before the actual entry of a judgment, but to do so is not forbidden by Rule 59(b).
189 F.2d at 646.
The Tenth Circuit, citing the principle that "the rules must be liberally construed to effectuate the ends of justice and to promote the consideration of appeals on their merits," reached the same conclusion in Director of Revenue v. United States, 392 F.2d 307 (10th Cir.1968). See also McCulloch Motors Corp. v. Oregon Saw Chain Corp., 245 F. Supp. 851 (S.D.Cal. 1963); Annot., 45 A.L.R.Fed. 104 (1979); 6A J. Moore, Moore's Federal Practice, ¶ 59.09[1] (2d ed. 1983).[4]
On reflection, we have determined that the federal cases reflect the better view. Nothing in the language of Rule 1.530(b), Fla.R.Civ.P., requires that a motion for rehearing be invalidated simply because it bears an earlier time stamp than the final order to which it is directed.[5] Therefore, we recede from our holdings in Urbanek and Tri-State, supra, and, in place thereof, adopt the rationale of the foregoing federal cases.
The decision of the Supreme Court in Williams v. State, 324 So.2d 74 (Fla. 1975), provides further support for today's holding. Williams dealt with the efficacy of a notice of appeal filed prior to the rendition of the judgment. There the court held:
[A] notice of appeal which is prematurely filed shall not be subject to dismissal. Rather, such a notice of appeal shall exist in a state of limbo until the judgment in the respective civil or criminal case is rendered. At the time of rendition, the notice of appeal shall mature and shall vest jurisdiction in the appellate court.
Id. at 79.
Williams recognized that it was a senseless waste of counsel's time and client's money to require dismissal of one appeal, only to permit the perfection of a new appeal, Sloman v. Florida Power & Light Co., 382 So.2d 834 (Fla. 4th DCA 1980). Put another way, Williams refused to place form over substance, W.B.D., Inc. v. Howard Johnson Co., 382 So.2d 1323 (Fla. 1st DCA), petition for review denied, 388 So.2d 1114 (Fla. 1980), and thereby reinforced a litigant's right of access to the courts. The same principle governs the case at bar.
Therefore, we hold that appellant's motion for rehearing, filed prior to the rendition of the trial court's order, was "timely" *1159 within the meaning of Rule 9.020(g), Fla.R.App.P. Thus, the motion for rehearing postponed rendition of the final order from October 4, 1983, to October 14, 1983, the date on which the trial court denied the motion for rehearing. Since appellant's notice of appeal was filed within thirty days of October 14, 1983, this court has jurisdiction to hear the appeal, see Rule 9.110(b), Fla.R.App.P. Accordingly, appellee's motion to dismiss is denied.
ANSTEAD, C.J., and DOWNEY, LETTS, GLICKSTEIN, DELL and WALDEN, JJ., concur.
BERANEK, J., dissents as to opinion and concurs in result only with opinion, in which HERSEY, J., concurs.
BERANEK, Judge, dissenting as to opinion; concurring in result only.
I dissent from the majority opinion but agree that the appeal is timely. The majority concludes that the final order being appealed was entered when it was filed. I disagree. "Entry" under Rule 1.530(b) in nonjury actions means recording, not filing. The Supreme Court specifically so held in Casto v. Casto, 404 So.2d 1046 (Fla. 1981).[6] The final order here was recorded on November 30, 1983. Thus, the notice of appeal filed November 14, 1983, was premature but such a notice was specifically held to be timely under the "limbo" theory in Williams v. State, 324 So.2d 74 (Fla. 1975). Since we can salvage this appeal under previously established law, I see no reason to create another new form of authorized "premature motion" and thereby encourage this kind of inappropriate practice. I would simply deny the motion to dismiss in an order citing Southern Atlantic Construction Corp. v. First Corporation of DeSoto County, 419 So.2d 729 (Fla. 4th DCA 1982).
I also believe the majority sets a dangerous course for lawyers by shortening the time in which rehearing may be sought. For unexplained reasons, the majority draws a distinction between final orders and judgments as to when they are entered. Under Casto a final judgment is entered when recorded. Under the majority view, a final order is entered when filed. Filing occurs earlier than recording and Section 28.223, Florida Statutes (1983), requires that all final orders in probate be recorded. A lawyer who follows Casto may not perceive the difference between a final order and a final judgment and will serve his (untimely) motion for rehearing based on the recording date rather than the earlier filing date. I am at a loss to understand why the majority labors so to reach this unfortunate result when the motion for rehearing was clearly timely under Casto v. Casto, supra.
NOTES
[1] We considered receding from Urbanek and Tri-State in Florida Coast Bank of Pompano Beach v. Kimmett, 446 So.2d 134 (Fla. 4th DCA 1983), but decided to await a case which framed the issue more clearly.
[2] The order on appeal was entered in an adversary probate proceeding, see Rule 5.025(a)(2), Fla.R.P. & G.P., and, thus, the Rules of Civil Procedure govern. See Rule 5.025(b)(2), Fla. R.P. & G.P.
[3] Rule 5.100, Fla.R.P. & G.P., provides in pertinent part:

All orders and judgments of the court determining rights of any party in any particular proceeding in the administration of the estate of a decedent or ward shall be deemed final and may, as a matter of right, be appealed to the appropriate district court of appeal... .
The court's October 4th order effectively determined the mother's rights with respect to the administration of her son's estate. Thus, it is a "final" order subject to plenary appeal. Accord In re Estate of Baker, 327 So.2d 205 (Fla. 1976). Rule 5.100, Fla.R.P. & G.P., is an example of the collateral order exception doctrine. This well-established rule permits plenary review of a narrow class of orders entered prior to final judgment. To come within the narrow exception of the collateral order doctrine, "a trial court order must, at a minimum, meet three conditions. First, it `must conclusively determine the disputed question'; second, it must `resolve an important issue completely separate from the merits of the action'; third, it must `be effectively unreviewable on appeal from a final judgment.'" Flanagan v. United States, ___ U.S. ___, 104 S.Ct. 1051, 1055, 79 L.Ed.2d 288 (1984) (quoting from Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)); see also Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981); Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).
The order on appeal, then, is "final," but it is not a "final judgment." This distinction is significant because Rule 1.530(b), Fla.R.Civ.P.,  the rule which set the time for filing a motion for rehearing  speaks in terms of "entry of judgment in a non-jury action." The Supreme Court, in Casto v. Casto, 404 So.2d 1046 (Fla. 1981), interpreted this phrase to mean the date of recording as opposed to the date of filing. Casto, however, dealt with a final judgment of dissolution and we believe its holding should not be expanded to encompass orders. On this point we part company with the dissent which equates orders with final judgments in non-jury actions. Thus, we hold that the time for appealing the order in question began to run from the date of rendition, i.e., the date on which it was filed with the clerk. See Rule 9.020(g), Fla.R. App.P.
[4] Moore's Federal Practice provides this historical commentary:

Under the early English common law "the motion for a new trial preceded the entry of judgment, which was not entered upon the verdict as a matter of course, nor at all until after the first four days of the next term after trial." Rule 59(b) requires that a motion for new trial be served "not later than 10 days after the entry of the judgment." This wording was designed to be broad enough to permit the motion to be made both before and after the entry of the judgment.
6A J. Moore, Moore's Federal Practice ¶ 59.09[1] (2d ed. 1983) (footnotes omitted).
[5] As indicated, Rule 1.530, Fla.R.Civ.P., and its federal counterpart, Rule 59(b), Fed.R.Civ.P., specify when a motion for new trial must be served. Sadowski v. Bombardier, Ltd., 527 F.2d 1132 (7th Cir.1975), underscored the distinction between service and filing when it said:

To attribute to Rule 59 a time requirement for filing is to disregard the plain and unambiguous language expressed in the rule and to imply careless draftsmanship of the Federal Rules of Civil Procedure.
Id. at 1134.
[6] Casto v. Casto, 404 So.2d 1046 (Fla. 1981), has been the subject of criticism and controversy. See Pruitt v. Brock, 437 So.2d 768, 771 n. 2 (Fla. 1st DCA 1983). It does, however, remain the controlling precedent in this state.