ON MOTION TO DISMISS
PER CURIAM.
Appellee moves to dismiss this appeal arguing that the notice was untimely. After the trial court entered an order granting appellee’s motion for summary judgment, but two days prior to entry of the final summary judgment, appellants filed a motion for rehearing. The motion for rehearing was denied some 75 days after entry of the final judgment, and appellants filed their notice of appeal within 30 days of the order denying the motion for rehearing.
Appellee would construe the motion for rehearing as being directed at the interlocutory order granting his motion for summary judgment. As such, the motion would not be an authorized motion under Fla.Civ.P. 1.530 having a tolling effect on the time for filing the notice of appeal. See Tri-State Systems, Inc. v. Seminole County, 302 So.2d 168 (Fla. 4th DCA 1974). However, we decline to so construe the motion, and construe it instead as one directed at the final summary judgment; albeit prematurely filed. See In re Estate of Zimbrick, 453 So.2d 1155 (Fla. 4th DCA 1984), in which the court receded from TriState. Where, as here, there is no substantive difference between the rights adjudicated in the interlocutory order and the final judgment, there is no impediment to treating the motion for rehearing as an authorized, premature, motion, tolling the time for filing a notice of appeal. Zimbrick, supra.
Accordingly, the motion to dismiss is denied.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.