ON MOTION TO DISMISS'

LAGOA, J.
Appellee, Tarmac America, LLC (“Tarmac”), moves to dismiss this appeal for lack of jurisdiction because the notice of appeal was not filed within thirty days of the final judgment. For the reasons set forth below, we deny the motion to dismiss.
*88 I. FACTUAL AND PROCEDURAL HISTORY
On June 28, 2012, the trial court granted summary judgment in favor of Tarmac. On July 6, 2012, appellant, Kevin Charles Simpson (“Simpson”), filed a motion for rehearing. That same evening, the trial court entered final summary judgment in favor of Tarmac. The motion for rehearing was denied by order dated November 7, 2012, and Simpson filed his notice of appeal on December 4, 2012.
II. ANALYSIS
Tarmac argues that the motion for rehearing was not sufficient to toll the time for filing a notice of appeal because it was not an “authorized motion.” Tarmac contends that the motion was not authorized because it was directed to the order granting summary judgment, which is a non-final, non-appealable order (i.e., an interlocutory order).
This Court is authorized to construe the motion for rehearing as directed to the final summary judgment, although prematurely filed. The facts of this case are indistinguishable from those in Bass v. Jones, 511 So.2d 441 (Fla. 1st DCA 1987). In Bass, the First District Court of Appeal found that a motion for rehearing filed after the entry of an order granting summary judgment but before entry of the final summary judgment was one directed to the final summary judgment. The court further concluded that because there was no substantive difference between the rights adjudicated in the order granting summary judgment and the final summary judgment, it was appropriate to treat the motion as an authorized, premature motion, which tolled the time for filing a notice of appeal. See also Agency for Health Care Admin. v. Estate of Johnson, 743 So.2d 83, 86 (Fla. 3d DCA 1999) (discussing the analogous rule of probate procedure concerning motions for rehearing and stating that the validity of such motions is not affected by the fact that they have been filed prior to the filing of the order to which it was directed).
Because here, as in Bass, there is no substantive difference between the rights adjudicated in the order granting summary judgment (i.e., the interlocutory order) and the final summary judgment, we find that, “there is no impediment to treating the motion for rehearing as an authorized, premature motion, tolling the time for filing a notice of appeal.” Bass, 511 So.2d at 441. Accordingly, the motion to dismiss is denied.
Denied.