# Third District Court of Appeal

**State of Florida**

Opinion filed July 30, 2014.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2601
Lower Tribunal No. 12-47394

_____

**Rosa Marin and Smart Cars and Trucks Corporation,**
Appellants,

vs.

**Obed Limonte, Frank De La Oliva and Exus Isuzu Parts, Corporation,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Beth Bloom, Judge.

Jason M. Wandner, P.A., Jason M. Wandner, for appellants.

Claudio R. Cedrez Pellegrino,  for appellees.


Before SUAREZ, SALTER, and LOGUE, JJ.

ON MOTION TO DISMISS

LOGUE, J.

Appellees, Obed Limonte, Frank De La Oliva, and Exus Isuzu Parts, Corporation, move to dismiss this appeal for lack of subject matter jurisdiction because the notice of appeal was not filed within thirty days of the final judgment. For the reasons set forth below, we deny the motion to dismiss.

On August 23, 2013, the trial court granted summary judgment in favor of appellees. On August 26, 2013, appellants, Rosa Marin and Smart Car and Trucks Corporation, filed a motion for rehearing. On August 29, 2013, the trial court entered a final judgment dismissing appellants' claims with prejudice. The trial court subsequently denied appellants' motion for rehearing on September 25, 2013. Appellants filed their notice of appeal on October 2, 2013, which indicates that they are taking an appeal from the order granting summary judgment and subsequent denial of rehearing.

Appellees assert that the motion for rehearing did not toll the time for filing a notice of appeal, because the motion was directed at a non-final, non-appealable order granting summary judgment, and was therefore an "unauthorized" motion. Where, as here, there is "no substantive difference between the rights adjudicated in the order granting summary judgment (i.e., the interlocutory order) and the final summary judgment . . . 'there is no impediment to treating the motion for rehearing as an authorized, premature motion, tolling the time for filing a notice of appeal.'" Simpson v. Tarmac Am., LLC, 106 So. 3d 87, 88 (Fla. 3d DCA 2013) (quoting

2

<u>Bass v. Jones</u>, 511 So. 2d 441 (Fla. 1st DCA 1987)). Accordingly, the motion to dismiss is denied.