BOARDMAN, Judge.
Appellant, State of Florida, in these three consolidated interlocutory appeals, (Rule 4.2, F.A.R., 32 F.S.A. entitled “Interlocutory Appeals”) seeks review of the order of the trial court granting appellees’, Sexton’s and Ross’, motions to suppress evidence procured as a result of an unlawful search and seizure.
*579 Appellees filed a motion to dismiss the appeals asserting the same were untimely and the appellant filed a traverse to the said motion.
The sole point for consideration by this court is whether the appeals are filed timely.
The chronology and sequence of events in the trial court show that in case number 72-946, Sexton was charged by the state attorney with possession of marijuana; and, in case number 72-947, he was charged with possession of cocaine; in case number 72-948, Ross was charged by the state attorney with possession of marijuana. Ap-pellees filed separate motions to suppress the evidence in each of the three cases.
The Honorable Charles R. Holley, circuit judge, upon due notice having been given, and after hearing the said motions argued orally, on October 11, 1972, granted the appellees’ motions to suppress the evidence. On November 13, 1972, notice of interlocutory appeal was filed by the state with the clerk of the Circuit Court in and for the Sixth Judicial Circuit of Pinellas County, in each of the cases. Upon motion of the state, the Honorable William A. Patterson, circuit judge, very properly entered an order consolidating the cases on November 17, 1972, directing that only one transcript of record be prepared and one brief be prepared for the purpose of appeal. The case has been orally argued before this court and the record on appeal has been read and given full consideration.
The State of Florida, by statute and rule, is authorized to appeal from the pretrial order entered herein by the trial judge suppressing the evidence obtained by the search and seizure. Florida Statutes, Section 924.071, F.S.A., provides that:
“The state may appeal from a pretrial order . . . suppressing evidence obtained by search and seizure, ...”
F.A.R., Rule 6.3, sub. b, 32 F.S.A., provides that:
“Appeals pursuant to Section 924.071, Florida Statutes 19$7, shall be taken within the time prescribed in subsection a above, or prior to the commencement of the trial whichever is sooner. The procedure for such appeals shall be as provided in Rule 4.2. . . . ”
Subsection a of Rule 6.3, supra, provides:
“An appeal may be taken by the state only within 30 days after the order or sentence appealed from is entered, . . ."
The law is well settled in this state that filing of notice of appeal is jurisdictional. See Evans v. State, Fla.App.1971, 255 So.2d 711.
Appellant, after oral argument here, submitted in a letter accompanying a supplemental pleading filed with the clerk of this court (notice thereof was given ap-pellees by mail — no objection or response was filed thereto by either of the appellees) that the date of the order from which the state is appealing was signed by the trial judge on October 13, 1972, If such be so, then, the appeal was filed timely. The appellees, on the other hand, contend that the starting date is October 11,1972. If this be so a fortiori, the appeal is filed untimely, the notice of interlocutory appeal having been filed on November 13, 1972.
After oral argument we permitted the filing by the state of a supplemental pleading to afford full opportunity for the state to substantiate its contention that the appeal was filed timely and to insure that substantial justice was accorded both parties.
The sole question for our determination is on what date did the appeal time commence to run in the case sub judice. After thorough scrutiny of the record and files and our research, we have reached the conclusion, based on the record before us, that the date the appeal time commenced to run is October 11, 1972 and not October 13, 1972 as is contended by the state.
*580 The record before us leads to no other determination. The trial judge signed the minute book entry granting appellees’ motions to dismiss; the date appearing on the minute book entry shows it to be October 11, 1972. A signed minute book entry is appealable. See Bull v. Roy, Fla.App.1966, 191 So.2d 285.
In addition, the notice of interlocutory appeal filed by the appellant in each case recites that the order appealed was granted by the trial judge on October 11, 1972, and and recorded in circuit court minute book 94, page 195, Pinellas County, on October 11, 1972. The record speaks for itself and, based on the applicable statute and rules, supra, the contention of the state that the order was signed by the trial judge on October 13, 1972, is not supported by the record.
Accordingly, appellees’ motion to dismiss the appeals must be and is granted, and the appeals are
Dismissed.
McNULTY, J., concurs in conclusion only.
MANN, C. J., concurs specially.