## STATE OF FLORIDA v TASSELL

Case No. 84-291 AC

Eleventh Judicial Circuit, Appellate Division, Dade County

December 26, 1985

### APPEARANCES OF COUNSEL

**Jim Smith,** Attorney General, and **Jack B. Ludin,** Assistant Attorney General, for appellant.

**Ronald Haber** for appellee.

Before NADLER, KAYE, SHAPIRO, JJ.

### OPINION OF THE COURT

NADLER, J.M.

The defendant (Appellant) was charged under two statutes, the first being driving under the influence of alcohol 316.193(i)(a), later nolle prossed by the State, and the second, the subject of this litigation, for driving with an unlawful blood alcohol 316.193(i)(b). The parties

stipulated that the blood alcohol of the defendant was .19 but that the prosecution could not prove physical impairment. The court granted a Motion to Dismiss on the ground that the state needed to prove impairment in addition to a blood alcohol test result of .10 or over as required in said statute.

The Appellee reasons that in order for the state to have filed a timely appeal, it should have done so within 15 days of a minute book entry (August 30, 1984) rather than a more formal order (November 28, 1984). Appellee contends that as a result and relying principally upon *State v. Sexton*, 283 So.2d 578 (Fla. 2d DCA 1973) we do not have jurisdiction to hear this appeal. This question of appealable order has been through the courts, the Appellee having previously moved to dismiss which was denied by this Court, and by denial of the Petition for Writ of Common Law Certiorari/Writ of Prohibition in the District Court of Appeal, Third District. It should be pointed out that since the holding in the *Sexton* case, the Florida Rules of Appellate Procedure have been amended to provide:

Rule 9.020 Definitions

Rule 9.020(e) Order: a decision, order, judgment, decree or rule of a lower tribunal, EXCLUDING MINUTES and MINUTE BOOK ENTRIES.

Rule 9.020(g) Rendition (of an order): the filing of a SIGNED WRITTEN ORDER with the clerk of the lower tribunal.

Committee Notes: The term "order" has been broadly defined to include all final and interlocutory rulings of a lower tribunal and rules adopted by an administrative agency. MINUTE BOOK ENTRIES are EXCLUDED from the definition in recognition of the decision in *Employers' Fire Ins. Co. v. Continental Ins. Co.*, 326 So.2d 177 (Fla. 1976) It was intended that this rule encourage the entry of written orders in every case. (emphasis supplied)

We are therefore of the opinion and do hold that we have jurisdiction.

We're next confronted with the constitutionality of Section 316.193(i)(b) which deals with blood alcohol level but does not require evidence of impaired faculties.

Section 316.193 Driving while under the influence of alcoholic beverages, chemical substances, or controlled substances or with an unlawful blood alcohol level, penalties.—

(i) It is unlawful and punishable as provided in subsection (2) for:

(a) Any person who is under the influence of alcoholic beverages,

any chemical substance set forth in Section 877.111, or any substance controlled under Chapter 893, when affected to the extent that his normal faculties are impaired, to drive or be in the actual physical control of any vehicle within this state; or

(b) Any person with a blood alcohol level of 0.10 percent or above to drive or be in the actual physical control of any vehicle within this state.

Appellee argues that the lower court was correct in its dismissal of the remaining charge, that 316.193(i)(b) is unconstitutional without a showing of impairment.

We shall not dwell on semantics. Suffice it to say, we interpret "and" as meaning "both" while "or" means "either".

The legislature's prerogatives include the protection of the health, safety, and welfare of its citizens. Faced with the carnage on the highways due to alcohol and drug consumption by motor vehicle operators, and in an attempt to rein in this reprehensible behavior, it chose to pass this legislation.

Innocent people have the right to travel the streets and highways free of fear of being maimed or killed by the irresponsible. The solons of this state exercised their legislative authority by the passage of the Driving Under Influence of Alcohol 316.193(i)(a) and the Driving with Unlawful Blood Alcohol Level 316.193(i)(b) Statutes.

Since there is a presumption of validity of this statute, which has not been overturned by the assailant herein (Appellee), we find the statute constitutional. *Gluesenkamp v. State of Florida*, 391 So.2d 192 (Fla. 1980).

Accordingly, we reverse the lower court's dismissal, direct that the charge be reinstated and that the State be allowed to proceed to trial with attendant defenses.

It is so ordered.