504 So.2d 405 (1987)
David L. KING, Appellant,
v.
STATE of Florida, Appellee.
No. BK-267.
District Court of Appeal of Florida, First District.
March 24, 1987.
*406 David L. King, pro se.
Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
SHIVERS, Judge.
This cause arises out of an instruction we issued to appellant David King in a previous decision, King v. State, 504 So.2d 405 (Fla. 1st DCA 1986). In King v. State we remanded appellant's cause to the trial court for a determination of whether King's motion was timely. This was necessary in light of our holding in Lloyd v. Harrison, 489 So.2d 856 (Fla. 1st DCA 1986), that where it is unclear whether the trial court has disposed of a motion for rehearing, it is impossible to determine whether jurisdiction has vested. On remand, the trial court found that King filed his motion for rehearing outside of the 15 day period which Florida Rule of Criminal Procedure 3.850(f) establishes. We reverse.
In its order denying King's motion for rehearing, the trial court noted that on November 27, 1985, it had rendered an order denying King's motion for post-conviction relief and that King had filed his motion for rehearing on December 13, 1985. The trial court, based on its interpretation of Florida Rule of Criminal Procedure 3.850(f), concluded that because King had not filed his motion for rehearing within 15 days of the denial of his motion for post-conviction relief, his motion for rehearing was not timely filed and therefore should be denied.
Rule 3.850(f) states that "[t]he prisoner may file a motion for rehearing of any order denying a motion under this rule within fifteen days of the date of service of the order." (emphasis added) See also Williams v. State, 392 So.2d 323 (Fla. 1st DCA 1980). The rule further provides that "[t]he clerk of the court shall promptly serve upon the prisoner a copy of any order denying a motion for post-conviction relief or denying a motion for rehearing noting thereon the date of service by an appropriate certificate of service." Assuming King received the order denying his motion for post-conviction relief by mail, the application of Rule 3.070, Florida Rules of Criminal Procedure is appropriate:
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice or other paper upon him and the notice or paper is served upon him by mail, 3 days shall be added to the prescribed period.
Rule 3.850(f) measures the timeliness of a motion for rehearing from the date of service rather than the date of an order's rendition. This places it in contrast with Florida Rule of Criminal Procedure 3.590(a), which provides that "[a] motion for new trial or in arrest of judgment, or both, may be made within ten days after the rendition of the verdict or the finding of the court." (emphasis added)
We note that the record contains no evidence of a certificate of service reflecting the actual date on which King was served as is expressly required by rule 3.850(f). The record does, however, disclose that the trial court rendered an order denying King's motion for post-conviction relief on November 27, 1985. But for the application of rule 3.070, which enlarges the prescribed period by three days, King's motion for rehearing would have been filed one day late because he filed it 16, rather than 15, days after the trial court's rendition of the order denying his post-conviction motion. Yet because rule 3.070 effectively expanded the time in which King *407 could file his motion for rehearing to 18 days, it appears that his motion was timely, and the trial court's finding to the contrary should be reversed[1] and the case remanded for further proceedings.
REVERSED and REMANDED.
SMITH and ZEHMER, JJ., concur.
NOTES
[1] The record reflects that King was not represented by counsel, and the order denying his motion for post-conviction relief appears to have been served by mail rather than hand delivered. Had the order been hand delivered, rule 3.070 would not have come into play and the trial court's untimeliness determination would have been correct.