PER CURIAM.
Wilton Amos Ross appeals an order of the circuit court which denied his motion for postconviction relief. This court previously dismissed Ross’ appeal for lack of jurisdiction because his motion for rehear *441 ing in the lower tribunal appeared to be untimely and therefore did not postpone rendition of the order. Ross v. State, 856 So.2d 1042 (Fla. 1st DCA 2003). Ross filed a petition for writ of mandamus in the Supreme Court of Florida which argued that his motion for rehearing, given to prison officials for mailing eighteen days after entry of the trial court’s order, was timely. This court responded to the mandamus petition and acknowledged that the notice of appeal was timely and that dismissal of Ross’ appeal was error. See Fla. R.Crim. P. 3.850(g); King v. State, 504 So.2d 405 (Fla. 1st DCA 1987); Fla. R.App. P. 9.420(a)(2). The Supreme Court issued its order in case number SC03-2406 which directed that this appeal be reinstated, which is hereby ordered.
We therefore turn to the merits of Ross’ appeal. In the trial court, he argued that recent test results exonerate him. Those tests showed that hair and blood samples taken from the victim of the murder for which Ross was convicted were solely those of the victim and no DNA of Ross himself was found. The trial court correctly concluded that this evidence does not exclude the appellant from having been present at the scene of the murder, is consistent with appellant’s guilt, does not exonerate him, and would not likely produce an acquittal at retrial. Jones v. State, 709 So.2d 512, 521 (Fla.1998); Galloway v. State, 802 So.2d 1173 (Fla. 1st DCA 2001). Denial of the motion for postconviction relief is therefore affirmed.
APPEAL REINSTATED; AFFIRMED.
WOLF, C.J., ERVIN and LEWIS, JJ., concur.